823 So.2d 167 (2002)
John BRUCKNER and The First Amendment Foundation, Appellants,
v.
CITY OF DANIA BEACH, Florida, Appellee.
No. 4D01-1749.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
Rehearing Denied August 23, 2002.
*168 Jonathan D. Kaney III of Cobb Cole & Bell, Daytona Beach, for appellants.
Mitchell A. Bierman and Carmen I. Tugender of Weiss Serota Helfman Pastoriza & Guedes, P.A., Miami, for appellee.
ROBY, WILLIAM L., Associate Judge.
John Bruckner and The First Amendment Foundation (collectively "Bruckner") timely appeal a summary judgment on their complaint in favor of the City of Dania Beach (City). This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
On January 6, 2000, Bruckner sued the City in federal court in order to challenge *169 the constitutionality of Section 9.1 of City Resolution 28-85. On March 13, 2000, the City met with its attorneys behind closed doors, to discuss settlement negotiations and strategy in connection with the federal lawsuit. During the meeting, the City through its Commissioners and its attorneys discussed three litigation options. The first option discussed was to accept a proposal for settlement presented by Bruckner. The City's attorneys discussed Bruckner's demands and litigation expenses associated with settling the dispute. The second option discussed was proceeding forward with the suit; litigation expenses associated with that course of action were then discussed. The third option entailed the City's serving their own proposal for settlement upon Bruckner, i.e., modifying the language of Section 9.1. The attorneys for the City then discussed the costs associated with proceeding with the third option.
The transcripts provided in this matter reflect the City's commissioners mulled over the first and third options. The Mayor asked the Commissioners what their preference would be with the various options. Each of the Commissioners individually stated that they would prefer the third option, the modification of the language thus modifying the wording of Section 9.1. At the conclusion of the meeting, the city attorney announced the amendment to the resolution and it was suggested by one of the Commissioners that the city attorney should include in the offer of judgment the language that the commission proposed to be modified. The exact wording of the amendment was discussed before adjourning.
On March 24, 2000, the City's attorney served on Bruckner an offer of judgment in which the City offered to settle the matter by amending Section 9.1. Mr. Bruckner rejected the offer. On March 28, 2000, the City Commission held an open public meeting and approved an amendment to Section 9.1 by formal vote. The amendment repealed former Section 9.1, the subject of Bruckner's federal challenge. On April 17, 2000, Bruckner made a public records request of the City for a transcript of the March 13, 2000, meeting and the City denied him access to the transcript until the federal litigation concluded.
On June 12, 2000, Bruckner filed the action that is the subject matter of this appeal for declaratory and injunctive relief against the City. He alleged that the City's March 13, 2000, closed meeting violated the Government-in-the Sunshine Law ("Sunshine Law"). He also alleged that the City denied him access to the transcript of the closed meeting.
Both parties filed respective motions for summary judgment. In support of its motion the City filed an affidavit of the Deputy City Clerk. The Deputy Clerk testified that on July 25, 2000, after the suit had been filed, the City re-adopted Revised Section 9.1 at another public hearing. After reviewing the transcript of the March 13 meeting, the trial court denied Bruckner's motion but granted the City's motion for summary judgment. This appeal followed.
Cases involving alleged violations of the Sunshine Law are determined on a case by case analysis basis. Review of these types of cases by courts of appeals are made pursuant to a de novo standard.
Based on an analysis of the facts of this case, this court cannot say that the summary judgment was wrongfully entered. This court affirms the summary final judgment against Bruckner and finds that the actions taken by the City were valid and not in violation of the Sunshine Law.
*170 The well stated law in this state is that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non moving party. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id. It is undisputed in this matter that cross motions for summary judgment were filed and that the court had authority to rule on such motions as the parties stipulated there were no genuine issues of material fact.
The purpose of the Sunshine Law is to "prevent at non public meetings the crystallization of secret decisions to a point just short of ceremonial acceptance." Zorc v. City of Vero Beach, 722 So.2d 891, 896 (Fla. 4th DCA 1998). rev. denied, 735 So.2d 1284 (Fla.1999). As such, Florida law requires that any governmental meeting, in which official acts are to be taken, must be open to the public, and no "resolution, rule or formal action shall be considered binding except is taken or made at such meeting." § 286.011(1), Fla. Stat. (1999). An exemption to the Sunshine Law, however, allows a governmental entity to meet privately with its attorney provided that certain conditions are met. Section 286.011(8), Florida Stat. (1999) provides, in pertinent part,
(8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
* * *
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
While courts must liberally construe the statute to give effect to its public purpose, its exemptions must be narrowly construed. Zorc, 722 So.2d at 897.
Bruckner primarily contends that the City's March 13, 2000 meeting did not fall within the aforementioned exemption to the Sunshine Law. He maintains that the transcript of the meeting reflects that the City took formal action in amending Section 9.1 and directed its attorneys to make an offer of judgment. He concludes that the subject matter of the meeting went beyond settlement negotiations or strategy sessions related to litigation expenditures.
Section 286.011(8)(b) enables a governmental entity to meet privately with its attorneys to discuss pending litigation in which the entity is presently a party before a court or administrative agency provided that the entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation and that the subject matter of the meeting is confined to settlement negotiations or strategy sessions related to litigation expenditures. The City in this matter satisfied all of the above mentioned requirements. At the time of the meeting the City was embroiled in Bruckner's federal suit, and the discussions at the March 13th meeting centered on that suit. The discussions further centered on the issue of settlement negotiations and strategy related to litigation expenditures as provided *171 for in the law. The strategy or negotiations dealt with matters on which foreseeable actions would be taken by the City and such matters related directly to the strategy of negotiating a settlement pursuant to an offer of judgment. Under the facts of this case, the City had a right to and did weigh its options, considered the associated litigation expenses that were associated with each option and discussed the strategy regarding a course of action to take regarding the challenge to Section 9.1. The City did not resolve to modify the language of Section 9.1 but suggested that was the option that it was seeking to pursue and would pursue such proposed modification at a public meeting. The Commission did not vote or take official action to amend its Resolution and did not formally decide to settle litigation. The Commission merely considered whether certain amendments would satisfy Bruckner and benefit the City but without adopting them. Settlements of lawsuits are exactly the type of matters contemplated by the legislature that need not be resolved in the "Sunshine." There was no final amendment ratified until a July 25 open meeting. There was no violation of the Sunshine Law when the City and its attorneys discussed its various options. Even if there was a violation, Sunshine Law violations can be cured by independent, final action completely in the Sunshine. Tolar v. School Board of Liberty County, 398 So.2d 427, 429 (Fla.1981). The minutes of the July 25 meeting reflect that the city commissioners re-examined the issues regarding the March 28, 2000, meeting relating to the amendment of Section 9.1. The City Attorney did at that time further discuss the previously discussed third option to modify the language in Section 9.1. The Meeting was held in the public, pursuant to duly published notices of commission meeting subject to comments by the public.
The record reflects that the subject matter of the settlement meeting was confined to settlement negotiations or strategy sessions related to litigation expenditures. The discussion with its attorneys at the closed session did not exceed those parameters as outlined by the City's law. Additionally, the offer of judgment that was communicated to Bruckner conveyed what the City was proposing to do to amend Section 9.1 and not what the City had already done.
The City, in an abundance of caution, and in order to cure any possible Sunshine Law defect, did re-adopt Revised Section 9.1 (with minor amendments) on July 25, 2000 at a duly advertised public hearing. The City observed all legal requirements and re-adopted Revised Section 9.1 on their regular agenda. It is undisputed that the re-adoption of Section 9.1 cured any possible defect that may have existed in the original adoption of the amendment and has obviated any argument that Revised Section 9.1 had not been duly enacted.
The standard for review of a summary judgment was recently set forth in Volusia County v. Aberdeen at Ormond Beach L.P., 760 So.2d 126 (Fla.2000):
Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Menendez v. Palms West Condominium Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999). Thus, our standard of review is de novo.
The legislature has recognized that public bodies face the same difficult challenges as other litigants and that especially sensitive activities involving settlement and avoidance of litigation, should be discussed by a public body and its attorney in private, outside of it's opponent's presence. The exemption serves the public interest *172 by facilitating settlement of contested litigation involving government entities. Without it, the City's important settlement discussions would be stymied for fear that revelation of settlement discussions would harm the City's position. Frequently, the only way a governmental entity can achieve a settlement is to hold candid discussions between a public body and its lawyers regarding the strengths and weaknesses of the City's case, as well as determining a sense of the will of the commission as to how it wishes its attorneys to proceed. Bruckner's interpretation of the exemption would make it impossible and therefore frustrate the purposes of the exemption and the public interest that it seeks to serve. The Commission did not stray from the scope permitted by the exemption because it neither voted, took official action to amend the resolution, nor did it formally decide to settle the litigation. The City Commission evaluated three possible options and the potential cost of each of those options. The City discussed the settlement options and gauged whether there was a consensus for any of the three possible strategies for resolving the case. The resolution was a major topic of discussion because it corresponded with proposed settlement strategy. A formal vote, however, was never taken because the City's attorneys and Commission knew that they could not vote or take official action, i.e., passing the resolution or settling the case, prior to an open, public meeting. Here they merely considered whether certain amendments would satisfy Bruckner and benefit the City, without adopting them. The discussions clearly had no formal final effect.
The Appellant urges us to apply the reasoning in Zorc to reverse the summary judgment. This case is distinguishable from the Zorc case. The City Council in Zorc passed a motion and directed its attorneys to finalize a consent decree. In this case, unlike Zorc, the strategic direction provided by the Commission was to discuss possible options. The City did not take formal action to settle a case that it knew could not be done in executive session under the exemption. The trial court in this case correctly found that the discussions held in closed session did not go beyond the strict parameters of section 286.011(8).
The City's discussion with regard to the proposed options available to it did not cross the "Sunshine" line. To deem such actions to have crossed the line and violate the Sunshine Law would vitiate the purposes of the executive session as exempted by the legislature. Municipalities would be placed in the impossible position of having to undertake precise determination as to when a settlement discussion has "crossed the line" and has become too definite to be discussed in an executive session. One step over the line would then expose the municipality to a barrage of litigation by plaintiff's seeking attorney's fees. Municipalities must be able to have confidential attorney client discussions at which they authorize their counsel to pursue settlement along certain lines, otherwise, their lawsuits would never get settled. The trial court correctly recognized that, unlike Zorc, there was nothing in their transcript that would reveal this to be anything but an attorney client session to discuss settlement negotiations and strategy with regard to the federal lawsuit.
As the Trial Court succinctly stated,
There is simply nothing in the transcript which would reveal this to be anything but an attorney client session to discuss settlement negotiations and strategy with regard to the federal lawsuit. Rather, it is clear that the members discussed putting forth what was discussed at a formal meeting. Therefore, *173 the closed session held on March 13, 2000 fell within the exemption of Section 286.011(8), and there was no Sunshine Law violation.
Having found in favor of the City on the Motion for Summary Final Judgment there is no further need for any proceedings with regard to the declaratory judgment action. This case is moot because Bruckner lacks a legally cognizable interest in the outcome.
AFFIRMED in all respects.
WARNER and FARMER, JJ., concur.