866 So.2d 754 (2004)
Alexander D. CARESTIO and Lydia Carestio, individually, and on behalf of Marc Carestio, a minor child, Appellants,
v.
The SCHOOL BOARD OF BROWARD COUNTY, Eugene Cross, Marc Schettino and Arthur Brown, individually, Appellees.
No. 4D03-1108.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*755 Hilliard E. Moldof, Fort Lauderdale, for appellants.
Dorsey C. Miller, III, of Haliczer Pettis, P.A., Fort Lauderdale, for appellee The School Board of Broward County.
HAZOURI, J.
Alexander D. Carestio and Lydia Carestio filed suit on behalf of their minor son, Marc Carestio, against the Broward County School Board, Eugene Cross, Marc Schettino, and Arthur Brown. The complaint contains two counts based on violations of 42 U.S.C. § 1983 and two counts based on battery.[1] The counts alleging violations of 42 U.S.C. § 1983 were removed to federal court and ultimately dismissed. The School Board filed a Motion for Summary Judgment on Count five, the claim of battery based on vicarious liability for the actions of its three employees. The trial court granted the motion and entered a Final Summary Judgment in favor of the School Board on the basis that sovereign immunity barred the claim against the School Board. The Carestios appeal the Final Summary Judgment. We reverse.
Section 768.28, Florida Statutes (1999), provides for a waiver of sovereign immunity in tort cases. However, section 768.28(9)(a) outlines a limitation on the State's vicarious liability in certain circumstances. It states in relevant part:
The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The standard of review when reviewing the entry of summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002). If the *756 evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id.
In Count five, it is alleged that Marc Carestio, a minor child, was physically assaulted by three employees of the School Board. The three employees, Cross, Schettino, and Brown, were employed as security officers at Marc's school. On the day in question, Cross responded to a call by a teacher to escort Marc out of class for disruptive behavior. Cross escorted Marc across the campus to a room where students were often detained. At some point along the way Cross and Marc got into a disagreement. Marc alleges that Cross told him that he was "going to learn the hard way" and began to beat Marc about the head and body. Schettino and Brown allegedly approached the scene and also participated in the assault by kicking and punching Marc.
In its Motion for Summary Judgment, the School Board argued that the actions taken by the employees, as alleged in the Complaint, if true, were undertaken with a wanton and willful disregard of human rights and safety and therefore, the School Board was entitled to judgment in its favor as a matter of law. However, the Carestios argue that the Florida Supreme Court's decision in McGhee v. Volusia County, 679 So.2d 729 (Fla.1996), is controlling. We agree.
In McGhee, the plaintiff was arrested by a Volusia County deputy. Id. at 730. During booking procedures, he was handcuffed. He alleges that while he was handcuffed, the deputy lunged at him, grabbed him by the throat, and kicked him with force. The plaintiff brought suit against the individual deputy and Volusia County. The trial court dismissed the action as it pertained to Volusia County. The Florida Supreme Court reversed. The court analyzed a common law distinction between acts conducted by virtue of office and acts that are merely by color of office. Id. at 731. Acts conducted by virtue of office are acts that are within the authority of the officer, but done in an improper exercise of his authority or in abuse of the law. Id. at 731 n. 4. Acts are by color of office if they involve a pretense of an official right to do an act made by one who has no such right. Id. at 731 n. 5. Under the common law, acts conducted by virtue of office may result in liability for the state agency; however, acts that are by color of office would not. The court recognized that the waiver of sovereign immunity contained in section 768.28 did not alter the common law definition of scope of employment. Id. at 731.
The court stated that an employing agency is immune as a matter of law only if the acts were so extreme as to constitute a clearly unlawful usurpation of authority that the deputy did not rightfully possess or if there was not even a pretense of lawful right in the performance of the acts. Id. The deputy had the lawful authority to restrain arrestees and respond with force in appropriate situations. The court reasoned that the fact that he may have intentionally abused his office does not in itself shield Volusia County from liability. The question must be put to the fact-finder whether the deputy acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property. Id. at 733.
In the instant case, there is evidence that the employees, as security officers, had the authority to escort Marc from the classroom and restrain him if he became violent. Therefore the employees were acting within the scope of their authority. Under McGhee, the question should be put *757 to the fact-finder whether the employees' actions fall within the language of section 768.28(9)(a), making the School Board immune from liability. We reverse the entry of summary final judgment in favor of the School Board.
REVERSED.
POLEN and KLEIN, JJ., concur.
NOTES
[1] Count one alleges a violation of 42 U.S.C. § 1983 against Cross, Schettino, and Brown on the basis that they deprived Marc of his constitutional right not to be subject to excessive corporal punishment. Count three alleges a violation of 42 U.S.C. § 1983 against the School Board on the basis that it permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal use of force in corporal punishment against students by employees of the School Board. Count four alleges a claim of battery against Cross, Schettino, and Brown based on their physical assault of Marc. And, Count five alleges a claim of battery against the School Board on the basis that Cross, Schettino, and Brown were acting within the scope of their duties, authority, and employment when they physically assaulted Marc. The Complaint contains no Count two; the counts appear to have been inadvertently mis-numbered.