STEVENSON, J.
This is an appeal from a final summary judgment entered in favor of defendant Francine A. Murphy in a personal injury action resulting from a traffic accident which injured Alan Simon. We affirm.
Murphy, a police officer on duty at the time of the traffic accident, filed a motion for summary judgment, alleging that, based on the evidence, no reasonable juror could conclude that she had exhibited wanton and willful disregard of human rights, safety, or property. A hearing was held and the trial court granted Murphy’s motion for summary judgment. The court indicated that “this [was] nothing more than a traffic accident,” that it was a “routine automobile accident,” and that “these facts would never rise to the level of wanton and willful conduct or reckless driving or anything else.” We agree.
Pursuant to Florida Statutes section 768.28(9)(a), an officer acting in the scope of employment may be held personally ha-ble in tort only where the officer acts “in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.” Where bad faith, malicious purpose, or wanton and willful disregard is not shown, the exclusive remedy for injury or damages suffered as a result of such act of the officer shall be by action against the governmental entity, the head of such entity in his or her official capacity, or the constitutional officer of which the officer is an employee. See § 768.28(9)(a), Fla. Stat. (2004).
In the instant case, both Murphy and Simon were driving marked City of Mar-gate police vehicles. The accident occurred at approximately 4:25 a.m. when Murphy drove across the northbound lanes of State Road 441 in order to proceed eastbound on Coconut Creek Parkway to get in a position to make a traffic stop of a vehicle being driven without its headlights on. Simon, off-duty and going home at the time, was driving his vehicle northbound on State Road 441. As Murphy attempted to go across the northbound lanes of State Road 441, the passenger side of her vehicle was hit by the front of the vehicle driven by Simon. Murphy testified that she saw Simon’s car coming, but believed that she had enough time to make her turn.
We find that the trial court correctly granted summary judgment. Viewing the facts in the light most favorable to the Simons, the incident giving rise to the instant action was a mere traffic accident which did not rise to the level of willful and wanton disregard necessary to strip Murphy, as an officer of the State, of immunity from suit as a matter of law pursuant to Florida Statutes section 768.28(9)(a). While some disputed issues of fact remained, none were genuinely material on the issue of whether Murphy acted with willful and wanton disregard of human rights, safety, or property. See Bruckner v. City of Dania Beach, 823 So.2d 167 (Fla. 4th DCA 2002), review denied, 842 So.2d 843 (Fla.2003). Accordingly, we find that the final order of summary judgment was proper.
AFFIRMED.
POLEN and GROSS, JJ., concur.