STEVENSON, J.
Dallas Ray Baldwin was arrested by City of Fort Lauderdale police officers following a sting operation. Later, Baldwin sued the City of Fort Lauderdale, alleging he sustained injuries (1) when police severely beat him after he was arrested and handcuffed and (2) when police failed to use an available seat belt to secure him and “through continuous rapid stopping and accelerating” caused him to be “hurled” around the van during transport to jail. The trial court entered final summary judgment in favor of the City on sovereign immunity grounds. We reverse.
Section 768.28(9)(a), Florida Statutes, provides, in relevant part, that the State and its subdivisions shall not be liable for “the acts or omissions of an officer, employee, or agent ... committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.” Because the case was before the trial court on motion for summary judgment, the City was entitled to judgment in its favor if the only conclusion that could be reached by a reasonable jury was that the *1016 police acted in bad faith, with a malicious purpose, or in wanton and willful disregard of human rights, safety, and property. See Willingham v. City of Orlando, 929 So.2d 43, 48 (Fla. 5th DCA 2006). We do not believe this was the case here.
With respect to Baldwin’s attempt to impose liability upon the City for the alleged beating, we believe the matter is appropriate for resolution by a jury. In the City’s answer to the complaint, it claimed the force that was used was reasonable. Moreover, it claimed that the law enforcement officers involved in the arrest disputed in their depositions that they used excessive and unreasonable force, or acted in bad faith, with a malicious purpose, or in wanton and willful disregard of Baldwin’s rights, safety, and property. Therefore, if the jury had the opportunity to hear all of the testimony and facts presented, it might conclude that the law enforcement officers in fact acted reasonably under the circumstances, or it may find the law enforcement officers used excessive force, but not to a degree that constituted bad faith, a malicious purpose, or wanton and willful disregard of human rights, safety, and property. Additionally, the jury may conclude under proper instruction that the conduct of the law enforcement officers did in fact constitute bad faith, with a malicious purpose, which was wanton and willful, and therefore find the City was not liable. Any one of these three scenarios could be a reasonable conclusion arrived at by the jury. See McGhee v. Volusia County, 679 So.2d 729 (Fla.1996); Carestio v. Sch. Bd. of Broward County, 866 So.2d 754 (Fla. 4th DCA 2004).
As for Baldwin’s claim regarding his transport to the jail, the complaint does not allege that police deliberately or intentionally drove in a manner so as to inflict injury upon Baldwin or that the actions of the officers were taken in bad faith or with a malicious purpose, and the evidence offered in support of the City’s motion for summary judgment did not conclusively establish such facts.

Reversed and Remanded.

HAZOURI, J., concurs.
MAY, J., dissents with opinion.