# Third District Court of Appeal
## State of Florida

Opinion filed January 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2132
Lower Tribunal No. 20-22629
_____

**Miami-Dade County**,
Appellant,

vs.

**Michael Polanco,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Daniel Frastai, Assistant County Attorney, for appellant.

Redondo Law, P.A., and Michael D. Redondo, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

EMAS, J.

Michael Polanco, the plaintiff below, was riding as a passenger on a Miami-Dade County bus. When the bus pulled over at a scheduled stop, there was a heated exchange between Polanco and the bus driver. Thereafter, Polanco exited and crossed in front of the bus. The bus driver then pulled away from the bus stop, and in doing so struck Polanco. The exchange between the bus driver and Polanco is captured on video, though the actual point at which the bus makes contact with Polanco is not.

Polanco sued the bus driver, as well as her employer, Miami-Dade County. The County answered, asserting it was sovereignly immune from suit under section 768.28(9)(a),[1] Florida Statutes (2022), because the bus driver acted "in a manner exhibiting wanton and willful disregard of human rights, safety, or property" for which the County could not be held liable. The County later filed a motion for summary judgment, asserting its employee struck the passenger intentionally and that such conduct exhibited a wanton and willful disregard of human rights and safety, thus rendering the County

---

[1] Section 768.28(9)(a), Florida Statutes (2022), provides in pertinent part:

> The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

sovereignly immune from liability. In response, Polanco presented evidence (including testimony from a County employee) that Polanco "walked essentially into the blind spot of the bus" when he was hit and therefore the bus driver would not have been able to see Polanco when she pulled out of the bus stop.[2] The trial court denied the County's motion, and this appeal follows. We have jurisdiction, see Fla. R. App. P. 9.130(a)(3)(F)(ii) (authorizing appeals of nonfinal orders that "deny a motion that . . . asserts entitlement to immunity under section 768.28(9), Florida Statutes"), and upon our de novo review, Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000), we affirm the trial court's order denying the

---

[2] The exact testimony from the county employee is as follows:

> Q. Okay. All right. But it's your belief that *the individual [Plaintiff] walked essentially into the blind spot of the bus?*
>
> A. *Yes, to the left of the bus there's a mirror there and there is a column there* if she -- so it appears that he went to the front of the bus and then he went towards her, towards the window again. So, she would definitely be retained because she should have, you know, been more careful but he walked into the bus. That's what it looks like to me, but again I would have to see this, you know, multiple times to see exactly what's going on here, but that is my opinion. . . . She should have scanned the mirrors which she probably did, but see I don't know where her eyes are looking, definitely leaving the bus stop. You know, she should have waited till the gentlemen cleared the bus stop completely, but basically I stand by what I said before.

(Emphasis added).

County's motion for summary judgment and correctly concluding that there remains a genuine dispute whether the bus driver acted in a manner exhibiting wanton and willful disregard of Polanco's rights or safety. Lemay v. Kondrk, 923 So. 2d 1188, 1192 (Fla. 4th DCA 2006) ("A fair amalgam of the decisions seems to indicate that the trial court should ask when confronted with this issue on summary judgment whether a reasonable trier of fact could possibly conclude that the conduct was willful and wanton."); Baldwin v. City of Fort Lauderdale, 961 So. 2d 1015, 1015-16 (Fla. 4th DCA 2007) ("Because the case was before the trial court on motion for summary judgment, the City was entitled to judgment in its favor if the only conclusion that could be reached by a reasonable jury was that the police acted in bad faith, with a malicious purpose, or in wanton and willful disregard of human rights, safety, and property.") Courts have interpreted "[w]anton and willful disregard of human rights [or] safety" under section 768.28(9)(a) as "'conduct much more reprehensible and unacceptable than mere intentional conduct,' and 'conduct that is worse than gross negligence.'" HNTB Corp. v. Milstead, 369 So. 749, 754 (Fla. 3d DCA 2023) (quoting Peterson v. Pollack, 290 So. 3d 102, 109-10 (Fla. 4th DCA 2020) ("'[W]anton' means 'with a conscious and intentional indifference to consequences and with the knowledge that

4

damage is likely to be done to persons or property.' 'Willful' means 'intentionally, knowingly and purposely.'")

Affirmed.