584 So.2d 125 (1991)
Thomas CAMPBELL, Appellant,
v.
Lizabeth CAMPBELL, Appellee.
No. 90-2220.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
*126 Peter J. Snyder, Boca Raton, for appellant.
Evelyn M. Merchant, Fort Lauderdale, for appellee.
GARRETT, Judge.
Appellant, the former husband, seeks reversal of the non-final order that granted his former wife's verified petition for temporary injunction. We affirm.
For whatever reason, the wife chose not to move pursuant to section 61.13 of the Florida Statutes for modification of the final judgment of dissolution. Instead, "pursuant to Florida Rule of Civil Procedure 1.610" she filed a petition for an injunction to stay or abate the husband's "rights to [child] visitation" because of her fear of domestic violence.
We hold that Rule 1.610 should not be utilized to obtain an injunction against domestic violence. Our legislature specifically enacted section 741.30 of the Florida Statutes to enable a victim to seek an injunction for that purpose.[1] For procedural reasons, section 741.30 of the Florida Statutes should be the exclusive method to obtain an injunction for protection against domestic violence. Paragraph (d) of the form petition set forth in section 741.30(2)(b) reads, "The following describes any other cause of action currently pending between the petitioner and respondent:". The required response to paragraph (d) will alert court personnel to the fact that the petition should be assigned (most likely by administrative order) to the trial judge assigned to hear the pending cause of action between the petitioner and respondent. Having the same judge hear both matters curtails the opportunity to "judge or forum shop." Also, unlike Rule 1.610(a)(2), section 741.30(6)(a) allows the trial court to grant a temporary injunction ex parte without any reason given for the lack of notice. When the petitioner alleges domestic violence the reason for the lack of notice is apparent to the trial judge.
Nevertheless, we conclude that the wife's petition substantially followed the form outlined in section 741.30(4)(b) and should be considered to be a petition filed pursuant to section 741.30(2)(b). We note that her petition in part alleged that "[p]etitioner has reasonable cause to fear domestic violence as defined by Florida Statute 741.30... ." We interpret the "temporary custody" relief provision of section 741.30(6)(a)2 to include sole temporary custody.
Without question we affirm the temporary injunction that protected the wife from domestic violence. The husband had been arrested for sexual battery of their three year old daughter. The wife's petition alleged that the husband had a violent temper, behaved violently in the past, blamed her for his arrest and that he would soon be released from jail.
Because the petition only names the wife as petitioner, we question the technical legality of the order that also granted the temporary injunction for protection of the children. Although we agree that an injunction should have been granted to protect the children, we respectfully suggest that a petition filed in the name of the wife individually and as next of friend of her minor children would have been more appropriate.[2] Each child, if an adult, could have on their own sought and obtained an injunction against domestic violence. The children are blood relatives of their father and had resided with him in a single dwelling unit, section 741.30(2)(e), and they, like their mother, had reasonable cause to believe that they were about to become the victims of an act of domestic violence. *127 § 741.30(2)(a), Fla. Stat. (1989). Surely, fear that a custodial parent will be assaulted or battered by a non custodial parent constitutes an act of domestic violence as to their child.
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.
NOTES
[1] Chapter 741 entitled "Husband and Wife" is included under Title XLIII entitled "Domestic Relations."
[2] Florida Rule of Civil Procedure 1.210(b) authorizes a mother to sue on behalf of her infant child.