599 So.2d 205 (1992)
Albert EVANS, Appellant,
v.
Rita J. EVANS, Appellee.
No. 91-03804.
District Court of Appeal of Florida, Second District.
May 8, 1992.
William G. Belcher, II, Nuckolls & Johnson, P.A., Fort Myers, for appellant.
Richard John Brodeur, The Real Estate Law Firm of Richard John Brodeur, P.A., Sanibel Island, for appellee.
DANAHY, Acting Chief Judge.
The appellant, an adult son estranged from his father and his stepmother, the appellee, unsuccessfully attempted to dissolve an injunction for protection against domestic violence entered against him upon petition of his stepmother pursuant to section 741.30, Florida Statutes (1989). The reasons for the estrangement and the facts leading up to the entry of the injunction are not pertinent to this appeal. The appellant's argument, in the trial court and here, is that his stepmother should not have been granted the injunction because she was not a person authorized by the statute to seek an injunction. We agree.
The relevant provisions of the statute state:
741.30 Action for injunction for protection against domestic violence; powers and duties of court and clerk of court; filing and form of petition for injunction; notice and hearing; temporary injunction; issuance of injunction; enforcement. 
(1) As used in this section, the term:
(a) "Domestic violence" means any assault, battery, or sexual battery by a *206 person against the person's spouse or against any other person related by blood or marriage to the petitioner or respondent, who is or was residing in the same single dwelling unit.
... .
(2) There is created a cause of action for an injunction for protection against domestic violence.
... .
(e) This cause of action for an injunction may be sought between persons related by blood or marriage who are or were residing within a single dwelling unit. No person shall be precluded from seeking injunctive relief pursuant to this chapter solely on the basis that such person is not a spouse.
The parties do not dispute that they are related by marriage. More important, the parties agree the appellant and his stepmother do not now, nor have they ever, lived together in the same dwelling unit. Thus, the appellant is correct that although he and his stepmother meet the statute's criterion of relationship they do not meet its residential criterion. The statute is clear and its meaning plain. Therefore, that is the meaning to which we must give effect. Graham v. State, 472 So.2d 464 (Fla. 1985). For whatever reason, the legislature chose not to afford the protection of the statute to those in the circumstances presented in the instant case. Since the statute has provided standing to seek an injunction against domestic violence to certain enumerated individuals, under the well-known doctrine of statutory construction of expressio unius est exclusio alterius, we cannot include those whom the legislature has chosen to exclude.[1]See Locke v. Hawkes, 595 So.2d 32 (Fla. 1992); Pontrello v. Estate of Kepler, 528 So.2d 441 (Fla. 2d DCA 1988). Because she failed to qualify under the version of the statute in effect on the date of her petition, the stepmother improperly sought, and the trial court erroneously granted, injunctive relief under section 741.30(2), Florida Statutes (1989). Accordingly, it was error for the trial court to deny the appellant's motion to dissolve the injunction against domestic violence.
Finally, we decline to treat the petition of the stepmother as a motion for a temporary injunction under Florida Rule of Civil Procedure 1.610 since no such request or argument was made in the trial court.[2]
Reversed and remanded for an order dissolving the injunction against the appellant.
THREADGILL and PARKER, JJ., concur.
NOTES
[1] We note that effective January 1, 1992, the section of the statute discussing standing has been amended as follows:

(b) "Family or household member" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together, as if a family, or who have resided together in the past, as if a family, and persons who have a child in common regardless of whether they have been married or have resided together at any time. "Spouse" means a person to whom another person is married or a person to whom another person has been married and from whom such person is now separated or divorced.
(2) There is created a cause of action for an injunction for protection against domestic violence.
(a) Any spouse, or any person described in paragraph (e), who is the victim of any act of domestic violence, or has reasonable cause to believe he or she is about to become the victim of any act of domestic violence, has standing in the circuit court to file a sworn petition for an injunction for protection against domestic violence.
(e) This cause of action for an injunction may be sought by family or household members as defined in paragraph (b) of subsection (1) between persons related by blood or marriage who are or were residing within a single dwelling unit. No person shall be precluded from seeking injunctive relief pursuant to this chapter solely on the basis that such person is not a spouse.
Ch. 91-210, § 6, Laws of Fla.
Nothing we say in this opinion should be construed as a comment on the effect of the statute as amended.
[2] Compare Campbell v. Campbell, 584 So.2d 125 (Fla. 4th DCA 1991) (because petitioner met criteria of section 741.30, her petition for injunction under Florida Rule of Civil Procedure 1.610 would be treated as petition for injunction against domestic violence).