695 So.2d 1302 (1997)
Douglas Michael SHARPE, Appellant,
v.
Michelle D. SHARPE, Appellee.
No. 97-395.
District Court of Appeal of Florida, Fifth District.
June 27, 1997.
*1303 Charles E. Heim, Jr., of Charles E. Heim, Jr., P.A., Indian Harbor Beach, for Appellant.
Michelle D. Sharpe, Melbourne, pro se.
HARRIS, Judge.
Michelle D. Sharpe, the widow of Appellant's brother, sought and received a "domestic violence" injunction against Douglas Michael Sharpe. He appeals; we reverse.
A domestic violence injunction is authorized under section 741.30, Florida Statutes (1995). But the statute limits the cause of action to "family or household member[s]" who have been or reasonably believe that they may become victims of domestic violence. It is therefore critical to our analysis first to determine what domestic violence is. The legislature has defined domestic violence as "any assault ... of one family or household member by another who is or was residing in the same single dwelling unit."
It is true that the term "family or household member" is more broadly defined in section 741.28(2) as:
"[S]pouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who have a child in common regardless of whether they have been married or have resided together at any time."
Even though this definition does not appear to require that one related by blood or marriage needs to reside with or to have resided with the alleged offender in order to come within subparagraph (e) of section 741.30, still the statute authorizes a cause of action only if such family or household member is or may have become the victim of domestic violence.[1] Mr. Sharpe could not and cannot inflict statutory domestic violence on a sister-in-law with whom he has not shared a living accommodation.
A similar issue was before the court in Evans v. Evans, 599 So.2d 205 (Fla. 2d DCA 1992). In that case, the court was concerned with section 741.30(1)(e), which then provided that the cause of action for domestic violence was limited to persons related by blood or marriage who are or were residing within a single dwelling unit. Because the adult estranged son of her husband had never lived in the same household with the stepmother, the court reversed the injunction against domestic violence entered in the stepmother's favor. Because the stepmother failed to qualify as one protected by the act then in effect, there was no authority to grant her an injunction under the domestic violence statute.[2]
Although the legislature thereafter amended subsection (e) to eliminate the requirement that one related to the offender by blood or marriage must have resided with such offender in the same household, it failed to amend the very definition of domestic violence. Even though we might assume that by amending subsection (e), the legislature intended to also amend the definition of "domestic violence," it is not our place to *1304 amend clear and unambiguous statutory language.[3]
It appears, therefore, that in order for Ms. Sharpe to qualify for a domestic violence injunction, she must be a relative by marriage of appellant and must have resided with him in a single dwelling unit. Since there is "living issue" of Ms. Sharpe's marriage to her deceased husband, she continues to be related by marriage to appellant. See Crosby v. State, 90 Fla. 381, 106 So. 741 (Fla.1925). However, there is nothing in Ms. Sharpe's petition which claims that she and the appellant ever resided in the same household. Under the current law, statutory domestic violence between the pair has not occurred and cannot occur.
In order to be entitled to a domestic violence injunction, it seems axiomatic that one must both plead and prove one's entitlement to the protection of the statute. Ms. Sharpe simply failed to do so.
REVERSED and REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] We recognize that this language is inconsistent with the provisions of the form authorized by section 741.30(3)(b), but it appears that legislative intent is better reflected in its statutory language than in its forms.
[2] But see the alternative basis for possible relief contained in section 901.01 Florida Statutes as discussed in Oliver v. Haspil, 152 So.2d 758 (Fla. 3d DCA 1963); and Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984).
[3] State v. Jett, 626 So.2d 691 (Fla.1993); it is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language.