CONNER, BURTON C., Associate Judge.
Jodie Kokoris appeals the trial court’s denial of her motion to dissolve a domestic violence injunction issued against her. The issue on appeal is whether the chil *370 dren, whom the injunction sought to protect, resided with Kokoris long enough to meet the statutory requirements for the issuance of a domestic violence injunction. For the reasons stated herein, we affirm.
Kokoris is the maternal aunt of the twin girls the injunction sought to protect from domestic violence. The aunt’s sister, Jamie Zipnick, is the mother of the girls who, while divorce proceedings were pending between the parents, obtained a temporary order as the primary residential parent of the girls. The father, Clifford Zipnick, had contact and visitation rights under the temporary order. Before the dissolution of the marriage was final, the mother was hospitalized, at which time the aunt and her boyfriend started caring for the girls. The aunt intended to keep the girls and take care of them as long as the mother was hospitalized, which the aunt viewed as a temporary and emergency arrangement. During this time, the aunt refused to allow the father to visit with the girls. The denial of visitation by the aunt prompted the father to seek a court order shifting the primary residence of the girls from the mother to him.
The girls stayed in the aunt’s home for only a week before the father obtained a court order designating him as the residential parent. Shortly after obtaining the court order for the girls to live with him, the father and the twins were eating at a restaurant when the aunt arrived and a physical altercation between the aunt and the father ensued in the presence of the girls. The father applied for and received a temporary ex parte domestic violence injunction protecting him and the girls from the aunt. The temporary injunction was followed by a permanent injunction. The permanent injunction prohibited the aunt from having any contact with the father and the girls. The aunt moved to dissolve the permanent injunction, which the trial court granted with regard to the father because the father had never resided with the aunt. However, after considering the aunt’s argument that the girls did not live with her long enough to meet the statutory requirements to issue a domestic violence injunction, the trial court denied the aunt’s request to dissolve the injunction with regard to the girls, and entered a final judgment denying the aunt’s motion to dissolve the injunction. On appeal, the aunt contends that the trial court erred by denying her motion to dissolve the injunction.
In Sharpe v. Sharpe, 695 So.2d 1302 (Fla. 5th DCA 1997), the Fifth District stated a two prong test regarding the relationship between the parties before the court can properly issue a statutory domestic violence injunction. See id. at 1303-04. The first prong requires that the petitioner have a familial or domestic relationship with the respondent within the range of relationships identified in the statute. See id. The second prong requires that the parties either presently reside, or in the past have resided, with each other as a family or household in the same single dwelling unit. See id.
In this case, it is undisputed that the twin girls stayed with the aunt for only one week under a temporary and emergency arrangement. Both parties contend that the issue on appeal is whether one week of living together is long enough to invoke the injunctive power of the court to protect against domestic violence. Given the facts presented by this case, we hold that the trial court did not err in its decision that living together for one week was enough time to meet the statutory requirement that the parties are or were residing in the same single dwelling unit.
Section 741.28, Florida Statutes (1997), provides the following definitions (emphasis added):
(1) “Domestic Violence” means any assault, ..., or any criminal offense resulting in physical injury or death of one family or household member by another who is or was residing in the same single dwelling unit.
(2) “Family or Household Member” means spouses, former spouses, per *371 sons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who have a child in common regardless of whether they have been married or resided together at any time.
No guidance is given in the statute for how long persons must live together in the same single dwelling unit to qualify for an injunction. Given the harm the legislature is seeking to avoid by providing a statutory remedy for domestic violence, namely the physical and emotional trauma and turmoil that flows from violence erupting in home environments, it is understandable that the legislature did not put time limits on how long persons must reside together to qualify for an injunction. Whether a living arrangement, however temporary in nature, is “residing in the same single dwelling unit” should be decided on a case-by-case basis.
In this case, the record supports the trial judge’s finding that the aunt and the girls were residing in the same single dwelling unit. In essence, the aunt temporarily stepped into the shoes of the mother for one week when she took the twins into her home and provided for their day-today needs while the mother was hospitalized. Although the aunt may have assumed and intended that the living arrangement was temporary because an emergency existed, the aunt was acting as a substitute parent while the girls lived with her briefly. Therefore, the trial judge properly concluded that the aunt and the girls resided in the same single dwelling unit, even if only for a week, and we affirm the trial court’s denial of the motion to dissolve the domestic violence injunction.
WARNER and STEVENSON, JJ„ concur.