816 So.2d 667 (2002)
Sheldon ROSENTHAL, Appellant,
v.
Jacqueline M. ROTH, Appellee.
No. 3D01-3122.
District Court of Appeal of Florida, Third District.
March 13, 2002.
Leonard J. Cooperman, Miami, for appellant.
Greenberg Traurig and James H. Wyman, Miami, for appellee.
Before COPE, FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
Sheldon Rosenthal appeals a domestic violence injunction entered against him and in favor of his sister, Jacqueline M. Roth. For the following reason, we affirm.
While visiting their mother at a hospital, the brother and sister got into an argument which escalated into physical violence because of which Roth sought, and was successful in obtaining against Rosenthal, a permanent injunction pursuant to Florida's domestic violence statute, section 741.30, Florida Statutes (2001). Rosenthal contends that the trial court's ruling is in error because he and his sister have not resided in the same household for more than forty years, thus any violence between them cannot be "domestic." Roth argues to the contrary, relying on sections 741.28(1) & (2), Florida Statutes (2001), which define domestic violence and persons covered by the domestic violence statute:
"(1) `Domestic violence' means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another who is or was residing in the same single dwelling unit.
(2) `Family or household member' means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who have a child in common regardless of whether they have been married or have resided together at any time."
As they are related by blood, Roth contends that the unambiguous terms of the statute govern and the domestic injunction against her brother is perfectly valid.
*668 Rosenthal correctly concedes that the statutory language is unambiguous and would ordinarily be given its plain meaning. Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987). Rosenthal adds, however, that there is an applicable exception to the rule; i.e., if a literal interpretation leads to an absurd conclusion,[1] that interpretation will be avoided. Castillo v. Vlaminck de Castillo, 771 So.2d 609 (Fla. 3d DCA 2000). And, argues Rosenthal, a domestic injunction in this case is absurd.
We do not agree that the result here equates to an absurdity. After forty years the siblings still harbor such animosity toward one another that it caused an emotional and physical explosion while Roth and Rosenthal were visiting their hospitalized motherundeniably a domestic-related scene, and one that we suspect occurs more than occasionally.[2] Accordingly, we apply the statute as written by the legislature.
Affirmed.
NOTES
[1] Reductio ad absurdum, as Cicero would put it.
[2] Sibling discord is an ancient, recurring theme in literature and life, such as the example of Isaac's sons Jacob and Esau, who endured a strained relationship from their birth. Genesis 25:19-34; 27:1-28:9; 32:1-21; 33:1-16.