THREADGILL, EDWARD F„ Senior Judge.
Scott Frasher challenges the trial court’s order refusing to dissolve a prejudgment writ of attachment that the trial court issued on the ex parte motion of Fox Distributing of Southwest Florida, Inc. (Fox). Because Fox’s affidavit in support of its motion failed to meet both the statutory and constitutional requirements for issuance of the writ, we reverse.
Fox sued Frasher based on allegations of (1) diversion of business, customers, and profits in violation of Frasher’s employment agreement and noncompetition agreement; and (2) conversion of property and funds allegedly belonging to Fox. When Fox filed its complaint, it also filed a motion for a prejudgment writ of attachment and an affidavit in support of its motion. Fox sought to have the prejudgment writ of attachment entered ex parte and included allegations in its affidavit allegedly supporting the need for an ex parte decision on its motion:
29. Upon information and belief, FRASHER inquired of the Sheriffs detective whether he still had access to his funds at a time before this civil action was commenced.
34. I believe, based upon the course of conduct exhibited by FRASHER, that he might abscond with the funds and property of FOX and there will be no money left upon which to obtain a judgment against him or his dummy corporations if he were to be notified of the pending request for relief by our attorneys in advance of obtaining an injunction and writ of attachment.
35. It is likely that irreparable harm has already resulted based upon the information provided to me about the manner in which FRASHER hid money and property which rightfully belonged to FOX. We may never see that money or property again.
Fox also testified, based upon information and belief, that Frasher owned the property Fox sought to attach. Based solely on the contents of this affidavit, the trial court issued the writ of attachment ex parte.
The trial court erred in issuing the writ of attachment in this case because Fox’s affidavit was insufficient as a matter of law. Section 76.08, Florida Statutes (2000), allows the trial court to issue a prejudgment writ of attachment when “the grounds relied on for the issuance of the writ clearly appear from specific facts shown by a verified complaint or a separate affidavit of the plaintiff, and all applicable requirements of s. 76.09, s. 76.10, or s. 76.11 are met.” Sections 76.09, 76.10, and 76.11, together with sections 76.04, 76.05, and 76.07, set forth what actions of the defendant will support the issuance of a writ of attachment. These actions include the defendant removing property from the state, moving out of state, concealing himself or herself, and/or concealing or disposing of the property. In addition to these statutory requirements, the due process clause of the United States Constitution forbids the issuance of a prejudgment writ based on the plaintiffs con-clusory allegations that he or she believes one of the statutory grounds exists. *1020 Unique Caterers, Inc. v. Rudy’s Farm Co., 338 So.2d 1067, 1071 (Fla.1976).
Because of these statutory and constitutional requirements, an affidavit supporting the issuance of a prejudgment writ of attachment must not be based on hearsay or the plaintiffs subjective beliefs, but rather must be based on the plaintiffs personal knowledge of the defendant’s actions. Lawhon v. Mason, 611 So.2d 1367, 1368 (Fla. 2d DCA 1993). See also Hordis Bros., Inc. v. Sentinel Holdings, Inc., 562 So.2d 715, 717 (Fla. 3d DCA 1990) (holding that Sentinel’s affidavit which was composed entirely of hearsay was insufficient to support the issuance of a prejudgment writ of attachment). An affidavit that relies on either hearsay or the plaintiffs eonclusory allegations as to the defendant’s actions or intentions is insufficient as a matter of law to support issuance of the writ.
In this case, the only allegation in Fox’s affidavit that arguably meets the statutory requirements is that Fox believes, based on information and belief, that after Frasher’s arrest, he asked a sheriffs detective whether his money was still available.[1] This allegation, however, is not based on personal knowledge, but on hearsay apparently contained in a sheriffs report. Fox does not allege any personal knowledge that Frasher was removing property from the state, moving out of state, concealing himself, or concealing or disposing of property. In addition, Fox’s affidavit relies solely on information and belief as to the ownership of the property it seeks to attach. Fox’s allegation that it “believes” that Frasher “might” abscond with Fox’s property is exactly the type of eonclusory allegation found unconstitutional in Unique Caterers. Because Fox’s allegations do not meet either the statutory requirements of chapter 76 or the due process requirements of Unique Caterers, they are insufficient to support the issuance of a prejudgment writ of attachment as a matter of law, and the trial court should never have issued the writ.
While not dispositive of this case, we note that the trial court compounded its error by not holding an immediate evi-dentiary hearing on Frasher’s motion to dissolve the writ. When Frasher learned of the writ, he filed a motion for immediate dissolution pursuant to section 76.24(1). The trial court promptly scheduled a hearing on Frasher’s motion; however, two days before the hearing, Fox filed a demand for a jury trial on the motion and requested a continuance so that various witnesses could be present. At the scheduled hearing time, Fox argued that it was entitled to a jury trial on Frasher’s motion to dissolve the writ, claiming that section 76.24(4) gave it the right to a jury trial. Frasher argued that he was entitled to an immediate evidentiary hearing at which Fox had to prove the grounds that supported the original issuance of the writ. After hearing only legal argument, the trial court denied Frasher’s motion to immediately dissolve the writ and set the matter for a jury trial several weeks later. This error deprived Frasher of his right to an immediate hearing.
Section 76.24(1) states:
The defendant by motion may obtain the dissolution of a writ of attachment unless the plaintiff proves the grounds upon which the writ was issued and a reasonable probability that the final judgment in the underlying action will *1021 be rendered in the plaintiffs favor. The court shall set down such motion for an immediate hearing. This motion shall be in lieu of the provisions of s. 76.18.
This section entitles the defendant to an immediate hearing at which the plaintiff is required “to prove at least probable cause ... for the attachment.” Unique Caterers, 338 So.2d at 1070. Thus, the only question at this hearing is a legal one— whether the plaintiff presented sufficient evidence to establish probable cause for the issuance of the -writ. This is a question for the trial court at an evidentiary hearing, not for a jury at a trial. Accordingly, the trial court should have set an immediate evidentiary hearing in response to Frasher’s motion to dissolve the writ.
We reverse and remand with directions to the trial court to immediately dissolve the writ of attachment.
ALTENBERND and STRINGER, JJ., Concur.

. Frasher was arrested and criminally charged in connection with the alleged conversion of property and funds from Fox.