917 So.2d 268 (2005)
Gregory S. BOND, o/b/o N.B. and K.B., Minor, etc, Appellant,
v.
Robert C. BOND and Oma Bond, Appellee.
Nos. 5D05-1556, 5D05-1715.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
Phil A. D'Aniello, of Fassett, Anthony & Taylor, P.A., Orlando, for Appellant.
Mark Reyes, of Howard & Reyes, Chartered, Sanford, for Appellee.
*269 MONACO, J.
The principal issue in this appeal concerns the jurisdiction of the circuit court to consider a petition for injunction against domestic violence. Because the trial court declined to exercise that jurisdiction without allowing the petitioner to have an opportunity to demonstrate that the case was within the court's jurisdiction, we reverse.
The facts are somewhat confusing because of the awkward procedural posture of the case. Gregory Bond, father, on behalf of N.B. and K.B., minors, filed a petition for injunction for protection against domestic violence against the respondents, Robert Bond and Oma Bond, who are his parents, and the grandparents of the children (Case No. 0678). According to the petition, the grandfather appeared at the children's school and tried to take them with him without permission and against the express wishes of the parents. The parents asserted that Robert Bond's medical condition created a threat to the safety of the children since he had been diagnosed as "bipolar," and had earlier taken some rather aggressive actions.
Petitioner stated that he was fearful that harm could come to his children unless Robert Bond was ordered to stay away. The petition alleged that Robert Bond was supposed to take medication for mental health problems, but that he was not currently doing so. A letter from Gregory and Jane Bond concerning their children and the actions of his father and mother was attached to the petition. This letter, which detailed various concerns that the petitioners had, was originally given to the principal of the elementary school attended by the children. The trial court's reaction to the petition was simply to enter an order denying the injunction.
One month later Gregory Bond, on behalf of N.B. and K.B., filed his verified amended petition for injunction for protection against domestic violence in Case No. 0678. Apparently, the respondents again appeared at the children's elementary school unannounced and without permission. They purportedly made repeated gestures to the minor children in an unsuccessful attempt to get them to leave the school grounds with them. The respondents returned again on the following day, and only left when confronted by teachers who demanded that they leave the school property.
On the day after the verified amended petition for injunction against domestic violence was filed, Gregory Bond, on behalf of N.B. and K.B., filed an emergency verified ex parte motion for a temporary restraining order in Case No. 0678. This motion alleged that his minor children were at great risk of harm and possibly of kidnapping by the respondents. The motion for a temporary restraining order referenced the amended petition for a domestic violence injunction and incorporated it by reference. It said, as well, that the petitioner feared that his parents would kidnap and remove the children from Florida. He indicated that the respondents were residents of Michigan, and that they had sufficient resources to accomplish their goal.
In short, the petitioner was afraid to send the children to elementary school or to allow them to play outside of their house because of the presence of the respondents. In this motion the petitioner asked the court to enter a temporary restraining order prohibiting the respondents from coming within 1,000 feet of the minor children or the minor children's home, school or church. This same motion was refiled as an emergency verified "petition" for a temporary restraining order about two weeks later.
*270 Meanwhile, the petitioner also filed an Emergency Verified Petition For Temporary Restraining Order "to prevent the harassment, removal, and contact" of and with his children by the respondents. This new petition commenced Case No 0605. The facts alleged in support of the petition are essentially unchanged from those contained in Case No. 0678.
The circuit court eventually entered a temporary injunction in Case No. 0605, finding that irreparable injury, loss, or damage would result to the minor children if an ex parte temporary injunction was not issued. Both Robert and Oma Bond were enjoined from having any further contact with the minor children. The order gave the respondents notice that they could file a motion to dissolve or modify the temporary injunction, but in any case, whether or not a motion to dissolve was filed, the petitioner and respondents were instructed to appear and testify at a hearing scheduled by the court in the domestic court case (Case No. 0678). The court indicated at that time that it would consider the petition for permanent injunction, as well as decide whether the court should continue, modify, or dissolve the in-place temporary injunction.
At the commencement of the hearing, the court abruptly related that it would not assume jurisdiction over a domestic violence issue.
The Court: Alright. Have you guys had a chance to discuss this and see if you can work out terms? This is a civil injunction, not a temporary domestic violence hearing. I refuse to take jurisdiction over a domestic violence issue. It is a civil injunction. Are you ready to go?
Mr. Beaver: Well, Your Honor, what I have before me is the motion for a domestic violence injunction.
The Court: I know.
Mr. Reyes: Your Honor, I therefore move to dismiss.
The Court: Denied twice. But I set it for a temporary injunction under civil restraining order, case number 0, cause, CA605, for today.
Mr. Beaver: And, Your Honor, I am not in a position to dispute that in any way but I don't have that, Your Honor, and I was informed on discussing this case that the temporary restraining order was not pursued simply because of the lapse of time due to spring break and vacation, so the children were not an immediate issue 
The Court: How do I have jurisdiction over this case under the domestic violence scene?
Mr. Beaver: Well, Your Honor 
The Court: Because I have not seen jurisdiction yet. You're going to have to argue that one for me.
The court raised the jurisdictional issue because it did not understand how the parties involved in the domestic relationship came within the applicable statute. Section 741.30, Florida Statutes (2005), creates a cause of action for an injunction for protection against domestic violence. Subparagraph (1)(e) allows an injunction to be sought by "family or household members." Section 741.28(3), Florida Statutes (2005), defines "family or household members" to include a number of persons, including "persons who are presently residing together as if a family or who have resided together in the past as if a family." While petitioner's counsel indicated that the respondents were the grandparents, the court was apparently concerned because the parties did not currently live together.
The Court: Do they live together?
Mr. Beaver: They used to.

*271 The Court: But they don't now. They don't share a child.
The court specifically asked petitioner's counsel if he was withdrawing the "civil injunction" (meaning Case No. 0605). Petitioner's counsel had apparently prepared to present evidence with respect to Case No. 0678. When he was instructed by the court to argue and present evidence under the civil restraining order (Case No. 0605), he was unable to do so. At that point petitioner's counsel decided to withdraw the petition, and the court then announced that "the case is closed."
The petitioner's argument at the hearing concerning whether the court had jurisdiction in Case No. 0678 was then decided adversely to him. On the following day the court entered an order of "dismissal/denial" of temporary injunction for protection against domestic violence (No. 0678), because it could not find "sufficient jurisdictional allegations." A notice of appeal was subsequently filed in that case.
About a month later Gregory Bond filed yet another verified petition for injunction against repeat violence pursuant to section 784.046, Florida Statutes, in connection with Case No. 0605. The petitioner alleged in the new petition that the grandparents had "repeatedly stalked" the minor children, giving several examples. On the following day the trial court entered an order closing the file as to case No. 0605. The court found that the attorney for the plaintiff withdrew the emergency verified petition for temporary injunction and that the court then closed the case in open court. The file was closed nunc pro tunc to the date of the hearing.
Ultimately, Gregory Bond filed a notice of appeal regarding the order closing the file in case No. 0605, asserting that the order was a "final order" denying a petition for temporary and permanent injunction. We thereafter consolidated the appeals.
We reverse because of the trial court's erroneous view of its jurisdiction under Section 741.30. The court specifically asked petitioner's counsel at the hearing whether the petitioners and respondents had ever lived together. Counsel said that "they used to." The court either misunderstood the response, or too narrowly viewed its jurisdiction. The response should have been sufficient to allow the petition for domestic violence injunction to continue for the purpose of taking additional evidence concerning jurisdiction. It was wrong simply to terminate the hearing without allowing the petitioner the opportunity to present evidence on jurisdiction.
As noted previously, Section 741.28(3) includes within the definition of "family or household members," those persons who "are presently residing together as if a family or who have resided together in the past as if a family." The legislature has not given any guidance in the statute with respect to how long persons must reside or have resided together "as if a family" in order to qualify for a domestic violence injunction. See Kokoris v. Zipnick, 738 So.2d 369, 370 (Fla. 4th DCA 1999) (trial court did not err in its decision that living together for one week was enough time to meet the statutory requirement that the parties are or were residing in the same single dwelling unit); Sharpe v. Sharpe, 695 So.2d 1302, 1303 (Fla. 5th DCA 1997) (nothing in Ms. Sharpe's petition which claims that she and the appellant ever resided in the same household and under Florida law, statutory domestic violence between the pair cannot occur). See also Rosenthal v. Roth, 816 So.2d 667, 668 (Fla. 3d DCA 2002) (brother's violence against sister while visiting hospitalized mother was considered domestic violence and would allow sister to obtain domestic violence *272 injunction against brother even though the two did not reside in the same household for more than 40 years). Quite clearly, however, the petitioner should have had the chance to demonstrate that his case was properly within the statute.
We are unable to discern from the record what ever happened to the verified petition for injunction against repeat violence. Thus, we reverse the order of dismissal regarding the petition for injunction for protection against domestic violence and remand for an evidentiary hearing to determine whether or not the residential jurisdictional requirements have been met. Even if the action does not qualify as domestic violence, however, the petitioner should have an opportunity to be heard on his verified petition for injunction against repeat violence, if that opportunity has not already been afforded to him.
REVERSED AND REMANDED.
THOMPSON and PALMER, JJ., concur.