923 So.2d 1224 (2006)
GEORGIA BANKING COMPANY, etc., Appellant,
v.
GMC LENDING & MORTGAGE SERVICES CORP, et al., Appellees.
No. 3D05-2837.
District Court of Appeal of Florida, Third District.
March 22, 2006.
*1225 Garbett, Bronstein, Stiphany, Allen & Roza and Jeffrey B. Shalek and Gary Stiphany, Miami, for appellant.
Kopelowitz & Ostrow and Taylor Hodkin; Robert C. Buschel and David L. Ferguson, Ft. Lauderdale, for appellees.
Before COPE, C.J., and FLETCHER and SUAREZ, JJ.
FLETCHER, Judge.
Georgia Banking Company [Bank] appeals from a non-final order dissolving an ex parte temporary injunction freezing certain bank accounts maintained by GMC Lending & Mortgage Services Corp (GMC). We reverse.
The facts show that the Bank and GMC entered into an agreement wherein GMC sold, and the Bank purchased, residential mortgage loans originated by GMC. Upon the Bank's purchase of a loan, all of GMC's rights were transferred to the Bank. Thereafter, GMC was to act as servicer of the loans for the Bank, collecting the principal, interest, escrow and other money due from the borrowers and holding the funds in trust for the Bank.
On November 30, 2005, the Bank filed an action against GMC seeking to recover the sum of $426,638.94 allegedly being held by GMC in trust for the Bank in accounts at Wachovia Bank. At the same time, the Bank obtained an ex parte injunction preserving the status quo and preventing the transfer of the funds from the accounts. Upon GMC's motion, however, the trial court subsequently dissolved the injunction. In so doing, we believe the trial court abused its discretion.
For a temporary injunction, a party must show: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law, (b) a substantial likelihood of success on the merits, (c) that the threatened injury to petitioner outweighs any possible harm to the respondent, and (d) that issuance of the injunction would not disserve the public interest. See Sanchez v. Solomon, 508 So.2d 1264 (Fla. 3d DCA 1987) (and cases cited therein). Appellees successfully argued below that the Bank failed to meet the first of these requirements because its complaint sets forth a breach of contract action claim which may be satisfied by a money judgment. The Bank, however, has claimed the existence of specific, identifiable trust funds which GMC has refused to turn over. Injunctive relief is appropriate to prevent dissipation of the funds in such circumstances. See, e.g., Blecher v. Dreyfus Brokerage Servs., Inc., 770 So.2d 1276 *1226 (Fla. 3d DCA 2000); Gruder v. Gruder, 433 So.2d 23 (Fla. 4th DCA 1983).
The order dissolving the ex parte temporary injunction is reversed and the injunction is reinstated.