940 So.2d 533 (2006)
John William BUCHAN, individually and on behalf of his minor child, John Thomas Buchan, Appellant,
v.
Steve E. HIBBARD, Appellee.
No. 2D05-4179.
District Court of Appeal of Florida, Second District.
October 25, 2006.
Angela D. Flaherty of Syprett, Meshad, Resnick, Lieb, Dumbaugh, Jones & Krotec, Sarasota, for Appellant.
Peter M. Collins, Sarasota, for Appellee.
WHATLEY, Judge.
John William Buchan appeals an order granting Steve E. Hibbards motion to dissolve an amended final judgment of injunction for protection against domestic violence. Hibbard is married to Buchan's former wife. We affirm that part of the order dissolving the injunction as to Buchan without discussion,[1] but we reverse *534 that portion of the order dissolving the injunction entered in favor of Buchan's minor son.
The original final judgment of injunction for protection against domestic violence was issued on July 14, 2004, pursuant to section 741.30, Florida Statutes (2004).[2] At the hearing on this original injunction, Buchan testified that Hibbard is married to Buchan's former wife and that when he was dropping off his son at his former wife's house, Hibbard shot Buchan in the neck in front of his son. Hibbard presented no witnesses or argument challenging the issuance of the injunction.
Thereafter, on June 24, 2005, Hibbard moved to dissolve the injunction, arguing that the injunction had been improperly issued pursuant to section 741.30, because there was no evidence that Buchan's son had been the victim of domestic violence or that he had reasonable cause to believe that he was in imminent danger of becoming a victim of domestic violence. The circuit court granted Hibbard's motion without allowing Buchan's son to testify at the hearing. The court found that it lacked jurisdiction to issue the injunction because the proper way to resolve this matter was in the dissolution proceeding.
We conclude that the circuit court's ruling was erroneous. Section 741.30(1)(b) specifically states that an injunction may be sought regardless of whether any other cause of action is currently pending between the parties. Therefore, the circuit court erred in finding that it did not have jurisdiction over this subject matter.[3]
However, Hibbard argues on appeal that the circuit court's order should be affirmed, because the injunction was improperly issued pursuant to section 741.30. We disagree. The original petition for injunction for protection against domestic violence alleged, and Buchan testified at the original hearing regarding, facts that show Buchan's son had reasonable cause to believe that he was in imminent danger of becoming a victim of domestic violence pursuant to section 741.30(1)(a). Domestic violence is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member."[4] § 741.28(2).
Section 741.30(6)(b)(2) provides that, in deciding whether a person has reasonable cause to believe that he is in imminent danger of becoming a victim of domestic violence, the court must consider "[w]hether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner." See Campbell v. Campbell, 584 So.2d 125, 127 (Fla. 4th DCA 1991) ("Surely, fear that a custodial parent will be assaulted or battered by a non custodial parent constitutes an act of domestic violence as to their child."). Here, the minor child heard Hibbard threaten to kill Buchan, and the *535 child saw Hibbard shoot his father in the neck. Therefore, there was evidence that Buchan's son had reasonable cause to believe that he was in imminent danger of becoming a victim of domestic violence. Hibbard presented no evidence at either the hearing on the original injunction or the hearing on the motion to dissolve the injunction regarding whether his stepson had reasonable cause to believe that he was in danger of becoming a domestic violence victim.
Further, it was improper for the circuit court to dissolve the injunction without allowing Buchan's son an opportunity to testify. Bond v. Bond, 917 So.2d 268, 271 (Fla. 5th DCA 2005) (holding that the circuit court erred in terminating a hearing on a domestic violence injunction without allowing the petitioner the opportunity to present evidence that facts met the requirements of section 741.28); York v. McCarron, 842 So.2d 281 (Fla. 1st DCA 2003) (concluding that circuit court erred in denying appellant's motion to dissolve an injunction without allowing her to present evidence at the hearing); Madan v. Madan, 729 So.2d 416 (Fla. 3d DCA 1999) (same).
Accordingly, we affirm the order dissolving the injunction as to Buchan but reverse that portion of the order dissolving the injunction as to his son and direct the circuit court to reinstate the injunction as to the minor son. See Ga. Banking Co. v. GMC Lending & Mortgage Servs. Corp., 923 So.2d 1224, 1226 (Fla. 3d DCA 2006).
Affirmed in part; reversed in part.
WALLACE, J., Concurs.
FULMER, C.J., Concurs in result only.
NOTES
[1] See Evans v. Evans, 599 So.2d 205 (Fla. 2d DCA 1992).
[2] On November 23, 2004, an amended final judgment of injunction for protection against domestic violence was entered pursuant to a stipulation of the parties.
[3] It should be noted that section 741.30(1)(c) provides that, "In the event a subsequent cause of action is filed under chapter 61, any orders entered therein shall take precedence over any inconsistent provisions of an injunction issued under this section which addresses matters governed by chapter 61."
[4] Buchan's son appears to be a family or household member, because he is related by marriage to Hibbard and he has in the past resided together with Hibbard in the same single dwelling unit. § 741.28(3).