[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10035
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00453-CV-3-RV

NOVENTA OCHO LLC,
a Florida Limited Liability Company,

Plaintiff-Counter Defendant-
Appellee,

versus

PBD PROPERTIES LLC,
a Tennessee Limited Liability Company,

Defendant-Counter Claimant-
Appellant,

WILLIAM E. PITTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 3, 2008)**

Before TJOFLAT, BLACK, and COX, Circuit Judges.

PER CURIAM:

The Defendants, PBD Properties, LLC and William E. Pitts, challenge the district court's order granting a preliminary injunction in favor of Noventa Ocho, LLC, which requires PBD to pay $1,255,722.00 into the court's registry or, alternatively, freezes the assets of PBD and Pitts held at Fifth Third Bank. Because the district court lacked the authority to enter this injunction, we vacate the order and remand to the district court.[1]

We review the district court's grant of preliminary injunctive relief for an abuse of discretion. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 n.11 (11th Cir. 1994). "[B]ut if the court misapplied the law in making its decision we do not defer to its legal analysis." *Id.* (quoting *Guar. Fin. Serv., Inc. v. Ryan*, 928 F.2d 994, 998 (11th Cir. 1991)).

The district court lacked the authority to enter this injunction because in the underlying litigation, Noventa asks only for damages, a legal remedy. In its

---

[1] Noventa filed its original complaint in the Circuit Court for Okaloosa County, Florida. PBD and Pitts filed a notice of removal, alleging that diversity jurisdiction existed because they were both citizens of Tennessee, and Noventa was a citizen of Florida and California. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen). The parties do not challenge, and we find no clear error in, the district court's determination that both Pitts and PBD are citizens of Tennessee. Thus diversity jurisdiction is proper.

complaint,[2] Noventa asks for damages and "any other relief this honorable Court deems fair and equitable." (R.1-1, Ex. 1 at 6.) Our holding in Rosen forecloses an injunction in this situation. *Rosen* involved an action for money damages arising out of a series of allegedly fraudulent securities transactions. We vacated the district court's order granting a preliminary injunction freezing the defendant's assets, saying unequivocally that "a district court lacks the authority to issue a preliminary injunction freezing the assets of a defendant in a case seeking only money damages." 21 F.3d at 1531. Because Noventa seeks only damages, *Rosen* governs.[3]

The $1,255,722.00 which Noventa seeks to recover represents nothing more than a portion of the contract purchase price withheld by PBD, with Noventa's consent, to satisfy the letter of credit requirement. Noventa's remedy—which is adequate at law—is to sue for the unpaid portion of the contract price. In fact, Noventa has done just that, and its claims for fraudulent misrepresentation and breach of contract are pending before the district court.

---

[2] After the district court entered the injunction, Noventa filed a second amended complaint. For purposes of this appeal, we consider whether the district court had the authority to enter the injunction on the basis of the original complaint filed in the Circuit Court for Okaloosa County, Florida. *See Rosen*, 21 F.3d at 1524 n.5.

[3] In *Rosen*, we refused to convert a legal cause of action into a legitimate claim for equitable relief based on a boilerplate request for "just and appropriate" relief. 21 F.3d at 1526 n.12. Similarly, we refuse to construe Noventa's complaint as seeking equitable relief simply because it includes a claim for all "fair and equitable" relief.

The injunction is also improper because there are no specific and identifiable funds. Under Florida law,[4] "injunctive relief [is] appropriate to protect the *res* in a claim for a constructive trust." *Blecher v. Dreyfus Brokerage Servs., Inc.*, 770 So. 2d 1276, 1277 (Fla. Dist. Ct. App. 2000); *Ga. Banking Co. v. GMC Lending & Mortgage Servs., Corp.*, 923 So. 2d 1224, 1225 (Fla. Dist. Ct. App. 2006) ("Injunctive relief is appropriate to prevent dissipation of . . . specific, identifiable trust funds."). Unlike these cases—which involve constructive trusts over specific funds—neither the First Amendment to Purchase and Sale Agreement ("Amendment"), Noventa's complaint, nor its motion for a preliminary injunction identifies specific funds. Rather, the Amendment specifies how much money PBD may withhold from the purchase price, the complaint asks for "damages," and the injunction orders Pitts and PBD "not to withdraw, draw, or move *any funds, assets or collateral* now located in the Fifth Third Bank . . . ." (R.2-56 at 2-3) (emphasis added). Noventa's identification of a specific *amount* of money to which it claims entitlement does not relieve it of the obligation to show the existence of specific funds subject to an injunction.

The final problem with the injunction is that is applies to Pitt's assets. Pitts was not a party to the Purchase and Sale Agreement ("Agreement") or the Amendment.

---

[4] "A federal court sitting in diversity is required to apply state substantive law . . . ." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001).

Pitts signed both the Agreement and the Amendment, but only in his capacity as manager of PBD. Noventa has not pointed us to a determination by any court that Pitts is the alter ego of PBD or that he should be held personally liable through the piercing of PBD's corporate veil.

The district court's order granting a preliminary injunction is vacated and the action is remanded to the district court for proceedings consistent with this opinion.[5]

VACATED AND REMANDED.

---

[5] If Noventa is entitled to any relief, it likely must rely on Fed. R. Civ. P. 64 to obtain it. Rule 64 provides the mechanism by which a party may secure prejudgment attachment of a potential judgment debtor's assets. Rule 64 explains that the state's attachment rules apply to the extent the federal rules do not. And, the state of Florida, like most states, has enacted detailed rules governing prejudgment writs of attachments. *See generally* Fla. Stat. §§ 76.01–.25; *Frasher v. Fox Distrib. of Sw. Fla., Inc.*, 813 So. 2d 1017 (Fla. Dist. Ct. App. 2002) (discussing prejudgment attachment).