PALMER, J.
Luigi Fuccio appeals a permanent injunction for protection against domestic violence entered by the trial court against him on behalf of appellee, Palma Durso. Because Durso failed to prove the elements necessary for the entry of a domestic violence injunction, we reverse.
Durso filed a petition seeking an injunction for protection against domestic violence against her nephew, Luigi Fuccio. In order to obtain such an injunction, the controlling statute, section 741.28 of the Florida Statutes (2008), requires proof that the parties are residing, or have resided, together in the same single dwelling unit. Although Durso asserted in her petition that the parties had resided together in the same single dwelling unit, the undisputed testimony submitted during the injunction hearing established that the parties had never lived together. Nevertheless, the trial court granted Durso’s injunction petition.
Fuccio appeals, arguing that Durso failed to sustain her burden of proving her entitlement to secure a domestic violence injunction. Durso concedes that it was improper for the trial court to enter a domestic violence injunction in this case since the parties had never lived together. However, she maintains that we should affirm the injunction as being a matter within the trial court’s equitable jurisdiction, under section 784.046 of the Florida Statutes (2008), which authorizes injunctions for protection against repeat violence. Durso relies upon the case of Wray v. Harrell, 927 So.2d 171 (Fla. 1st DCA 2006), to support her argument.
In that case, the opinion reads:
Although the trial court in this case had jurisdiction of the parties in the subject matter, it appears from a review of the record that the injunction was entered under section 741.30, Florida Statutes (2005), instead of section 784.046, Florida Statutes (2005). The injunction is nevertheless supported by competent substantial evidence. Accordingly, we AFFIRM, without prejudice to appellant’s right to seek modification from the trial court.

Id.

The Wray opinion provides no details regarding the facts of the case, such as whether the error was clerical or whether the petitioners sought an injunction under the wrong statute but corrected that error during the hearing. Accordingly, we refuse to rely on the ruling in Wray to affirm the instant injunction. We conclude further that although the record evidence in this case may have supported the issuance of an injunction for protection against repeat violence under section 748.046, that fact alone does not support affirmance of the instant injunction because Fuccio was never provided notice that an injunction was being sought under section 748.046. Notably, when the issue was raised during the hearing in the trial court, counsel for Durso never sought to amend the petition to seek an injunction under section 748.046, nor did she request a continuance to file an appropriate pleading. Furthermore, the issue was not tried by consent of the parties, as Fuccio continually objected *1015 to Durso’s request for entry of a domestic violence injunction.
Accordingly, we reverse.
REVERSED.
GRIFFIN, J., and PERRY, B., Associate Judge, concur.