DAVIS, Judge.
Michael W. Fleshman, Sr., seeks review of the one-year domestic violence injunction that was entered to prevent him from having any contact with his adult son, Michael W. Fleshman, Jr., after Fleshman, Sr., called and left a series of threatening telephone messages on his son’s voicemail. Because Fleshman, Sr., and his son never lived together in the same dwelling as required by the applicable statutes, the trial court erred in entering a domestic violence injunction and we are compelled to reverse. See §§ 741.28(3), .30, Fla. Stat. (2009).
Any “family or household members” may seek a domestic violence injunction as provided by section 741.30(l)(e). Section 741.28(3) clearly states:
“Family or household member” means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
(Emphasis added.)
While there is no doubt that Fleshman, Sr., and his son are related by blood, it is clear from the transcript of the hearing that they did not meet until Fleshman, Jr., was an adult and that they never occupied the same single dwelling unit. As such, statutory domestic violence cannot occur between them. See generally Sharpe v. Sharpe, 695 So.2d 1302, 1304 (Fla. 5th DCA 1997) (“[Tjhere is nothing in Ms. Sharpe’s petition which claims that she and the appellant ever resided in the same household. Under the current law, statutory domestic violence between the pair has not occurred and cannot occur.”). Accordingly, it was error for the trial court to enter the order of injunction against domestic violence. We reverse and remand for the trial court to dissolve the injunction against Fleshman, Sr. We note that nothing in this opinion should be construed to relate to the injunction entered against Fleshman, Sr., regarding his adult daughter.
Reversed and remanded.
SILBERMAN and BLACK, JJ., Concur.