JACOBUS, J.
Edward S. Morris appeals a permanent injunction for protection against domestic violence entered by the trial court against him on behalf of John P. Mascia. Because Mascia failed to prove the elements necessary for the entry of a domestic violence injunction, we reverse.
Mascia filed a petition seeking an injunction for protection against domestic violence against Morris, the uncle of Mascia’s wife. In order to have standing to seek such an injunction, section 741.30(l)(e), Florida Statutes, requires that a petitioner be a “family or household member[].” Section 741.28(3), Florida Statutes defines a “family or household member” as follows:
“Family or household member” means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
(emphasis added). Thus, a party filing a petition under section 741.30 must prove “that the parties are residing, or have resided, together in the same single dwelling unit.” Fuccio v. Durso, 48 So.3d 1013, 1014 (Fla. 5th DCA 2010) (citing section 741.28, Fla. Stat.). This is a requirement that must be present before a court may enter an injunction for protection against domestic violence under section 741.30. See id.; see also Bond v. Bond, 917 So.2d 268, 271-72 (Fla. 5th DCA 2005).
In this case, neither Mascia’s petition nor the evidence presented at the injunction hearing indicates that Mascia ever lived in the same single dwelling unit as Morris. Accordingly, Mascia did not establish that he had standing to seek an injunction under section 741.30 and the trial court did not have the authority under the statute to enter an injunction in this case.
REVERSED and REMANDED.
ORFINGER, C.J. and LAWSON, J„ concur.