611 So.2d 1367 (1993)
Joan Downing LAWHON, Petitioner,
v.
Roger MASON and Marie Mason, as natural parents and guardians of John Paul Mason, a minor; and Government Employees Insurance Company, Respondents.
No. 92-04190.
District Court of Appeal of Florida, Second District.
January 22, 1993.
*1368 Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
Bruce Rogow of Bruce S. Rogow, P.A., Fort Lauderdale; Beverly A. Pohl, Fort Lauderdale; and Christopher M. Larmoyeux of Montgomery & Larmoyeux, West Palm Beach, for respondents.
PER CURIAM.
Joan Lawhon seeks a writ of certiorari to review a prejudgment order entered by the circuit court in connection with an ongoing automobile negligence action. We find no authority for the order under review, and grant the petition.
Lawhon is the defendant below. Shortly after her request for continuance was granted, respondents filed a "motion to prohibit defendant from transferring assets." The motion cited the extensive injuries suffered in the accident, a perceived lack of sufficient insurance coverage, the belief that Lawhon has "substantial assets" that would be subject to execution in the event of a plaintiffs' verdict, and the fact Lawhon "had hired personal counsel skilled in the area of execution of judgments." Respondents' counsel expressed his "concern" that Lawhon might be prepared to dissipate or conceal assets, though he admitted she had not attempted to do so up to that point.
The trial court's order requires that Lawhon give plaintiffs ten days notice prior to the transfer of any assets in excess of $500. The order has the effect of a series of temporary injunctions, without the necessary showing of entitlement to injunctive relief. An injunction cannot be used to enforce money damages or prevent a party from disposing of assets prior to the conclusion of an action at law. Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986); Action Electric & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1981). The order also bears aspects of a prejudgment writ of attachment, without requiring respondents to satisfy the statutory requirements for same. A writ of attachment cannot issue unless there is a debt due or an existing debt not yet due. There must also be a verified complaint or sworn allegation that the defendant is removing or disposing of property. Hearsay or "subjective belief" will not suffice. Hordis Bros., Inc. v. Sentinel Holdings, Inc., 562 So.2d 715 (Fla. 3d DCA 1990).
Respondents contend that a tort claimant may be entitled to enjoin fraudulent transfers of assets even though the claim is contingent and not yet reduced to judgment. Cook v. Pompano Shopper, Inc., 582 So.2d 37 (Fla. 4th DCA 1991). While this may be so, respondents have yet to file suit under the Uniform Fraudulent Transfer Act. Thus Lawhon appropriately describes their approach as "attempting to `piggyback' the discovery process of an unfiled Chapter 726 lawsuit onto a simple negligence claim."
The petition for certiorari is granted, the order under review is quashed, and this case is remanded to circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and HALL and PATTERSON, JJ., concur.