809 So.2d 32 (2002)
Sandra BERG, Appellant,
v.
BRIDLE PATH HOMEOWNERS ASSOCIATION, INC., Appellee.
No. 4D00-3909.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Rehearing Denied March 19, 2002.
*33 Daniel S. Rosenbaum and Laurie Stilwell Cohen of Becker & Poliakoff, P.A., West Palm Beach, for appellant.
Richard A. Kupfer of Richard A. Kupfer, P.A., and Eugene E. Shuey of Eugene E. Shuey, P.A., West Palm Beach, for appellee.
STEVENSON, J.
When Sandra Berg, the owner of two lots in the Bridle Path subdivision, failed to pay the assessments made upon her lots for several years, the Bridle Path Home-owners Association filed suit to foreclose assessment liens recorded against the property. Berg answered the complaint, asserting that the liens were improper because the Association had failed to comply with certain requirements of the community's governing documents in making the assessments. Following a bench trial, the judge found in favor of the Association and entered judgment in the amount of $87,817.31, including attorney's fees. Because the trial judge incorrectly placed the burden of proof on Berg to establish that the Association failed to comply with the recorded covenants and by-laws in imposing the assessments and liens, we reverse.
Sandra Berg purchased her two Bridle Path lots in 1993. The lots are subject to a Declaration of Covenants, Conditions, and Restrictions, authorizing the Bridle Path Homeowners Association to make and collect assessments for common expenses. Pursuant to these regulations, the Board of Directors is required to adopt the budget for the Association and determine the appropriate homeowner assessment to meet that budget. Fourteen days prior to any meeting at which the budget for the Association is to be considered, the board is required to give notice to all members of the Association.
In 1997, the Association filed a lien foreclosure suit against Berg, alleging that she had failed to pay the assessments levied against her lots from the time of her 1993 purchase through the end of 1997. Berg defended the lawsuit contending: (1) that the property manager, and not the board, determined the budget, which was inconsistent with the by-laws; (2) that there was no evidence that board meetings were ever held where the budgets, including the lot assessments, were adopted; (3) that there was no evidence that the Bergs received their notices of the annual meetings; (4) that there was no evidence that *34 notices of the annual meetings were posted on the property; and (5) that minutes of the meetings were not kept in violation of the by-laws and state law. In other words, Berg alleged that the Association had not complied with its own declarations and bylaws in making the assessment.
In its final order, the trial court found that the greater weight of the evidence established that proper notice was given of the assessments. More problematically, the trial judge ruled that Berg did not prove her "defenses" that the Association had failed to comply with the recorded covenants, by-laws, and the Florida Statutes "by the greater weight of the evidence." We agree with Berg's contention that the trial court erroneously shifted the burden of proof. The Association relies on Florida Rule of Civil Procedure 1.120 to argue that it was not required to plead its "capacity" to sue as a "legal organization" nor was it required to plead, except in a general way, that all "conditions precedent" had been performed. Here, the Association's reliance on Rule 1.120 is misplaced. While Rule 1.120 relaxes certain pleading requirements, it does not relieve the plaintiff from having to prove every element of its entitlement to a judgment against the defendant once the defendant makes a specific denial of a particular element of the claim. See Fla. R. Civ. P. 1.120(a), (c).
Although framed as an affirmative defense, Berg essentially denied that the Association had properly levied the assessments "pursuant to the Declarations of Covenants, Conditions, and Restrictions of Bridle Path."[1] This denial squarely placed the burden on the Association to prove its case against Berg by the preponderance of the evidence. It is well-settled in Florida law that the plaintiff is required to prove every material allegation of its complaint which is denied by the party defending against the claim. See, e.g., Chatham Inv. Co. v. Sunshine Invs., 98 Fla. 783, 124 So. 374, 374 (1929); Watson v. Bair, 73 Fla. 255, 74 So. 317, 320 (1917).
We hold that in order to prevail on a suit to foreclose an assessment lien, a homeowners association is obligated to show that it has properly levied the assessment in accordance with the community's declaration of restrictive covenants and bylaws when the defendant challenges the lack of compliance "specifically and with particularity." See Fla. R. Civ. P. 1.120(c)(stating in part that "[a] denial of performance or occurrence [of conditions precedent] shall be made specifically and with particularity"); cf. Wimbledon Townhouse Condo. I, Ass'n v. Wolfson 510 So.2d 1106 (Fla. 4th DCA 1987)(stating that trial court's refusal to permit condominium association to present testimony concerning board's approval of assessment prevented the association from making a prima facie case with respect to its counterclaim for foreclosure of assessment liens).
It was thus error for the trial court to require that Berg prove by the greater weight of the evidence that the Association did not comply with the governing documents and Florida law in levying the assessments. We reverse and remand for a new trial on the Association's complaint consistent with this decision.
REVERSED and REMANDED.
*35 CLARK, NIKKI ANN, Associate Judge, concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm. In my judgment, the issue is whether the Bergs had notice. The trial court clearly decided that by the greater weight of the evidence, they did. This finding is supported by the record.
NOTES
[1] In answer to the Association's complaint, Berg raised the "defense" that the Association had "failed to comply with the Declarations and Covenants and Restrictions for Bridle Path of Palm Beach Polo and Country Club, and the other documents governing Plaintiff and Chapter 617, Florida Statutes."