HAZOURI, J.
Camino Real Village Association, Inc. (the Association) filed a Complaint for Foreclosure, Damages, Pre-Judgment Interest, Costs, and Attorneys’ Fees against Cheryl McKenna. The suit is based on a Claim of Lien filed against McKenna’s condominium for unpaid assessments. McKenna denied owing the amounts alleged and asserted several affirmative defenses including the Association’s failure to comply with its regulations regarding notice of delinquency in payment of assessments and acceleration of future assessments. The Association filed a Motion for Summary Judgment. The trial court granted the motion and entered a Summary Final Judgment of Foreclosure. We reverse.
The standard of review of the entry of summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to *901 prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id.
All owners of condominiums in Camino Real Village are necessarily members of the Association. On August 29, 2002, the Association sent McKenna a letter stating that she owed money for past due assessments, interest, late fees, and attorneys’ fees and costs. The letter informed McKenna that the Association filed a Claim of Lien against her property and included a copy of the Claim of Lien for her review. The letter also stated that if the Association did not receive payment by October 1, 2002, the Association would bring legal action to foreclose the Lien and for a judgment against McKenna personally. The Claim of Lien, which was recorded on August 30, 2002, states that McKenna owes the Association the following assessments:
Due Amount
July 1, 2002 $ .78
August 1, 2002 $508.82
August 1, 2002 $229.89
September 1, 2002 $229.89 (accelerated assessment)
October 1, 2002 $229.89 (accelerated assessment)
November 1, 2002 $229.89 (accelerated assessment)
November 1,2002 $503.82 (accelerated assessment)
December 1, 2002 $229.89 (accelerated assessment)
The Declaration of Condominium and Bylaws allow the Association to accelerate assessments if a unit owner is in default in the payment of an assessment. The relevant provisions are as follows:
Paragraph 19.2 of the Declaration of Condominium:
Interest on Default. Assessments and installments thereon, not paid when due, shall bear interest from the date when due until paid at the highest rate allowed in Florida which is not then usurious. In the event any unit owner shall be more than thirty (30) days delinquent in the payment of any assessment, the Board of directors, at its discretion, may upon seven (7) days written notice to the unit owner, declare due and payable all assessments applicable to such unit for the fiscal year of the Association in which the delinquency occurs.
Article VII, Section 3 of the Bylaws:
Acceleration of Assessment Installments Upon Default. If a unit owner shall be in default in the payment of an installment upon any assessment, the Board of Directors may accelerate the remaining monthly installments for the fiscal year upon notice thereof to the unit owner and, thereupon, the unpaid balance of the assessment shall become due upon the date stated in the notice, but not less than fifteen (15) days after the delivery of or the mailing of such notice to the unit owner.
Both of these provisions require the Association to give the unit owner proper notice prior to any acceleration of assessments.
McKenna argues that she established a genuine issue of material fact when she filed the Affirmative Defenses alleging that: 1) she did not owe the amounts due under the Claim of Lien and 2) the Association had failed to comply with the procedural requirements set out in the Declaration and Bylaws, including providing prior notice of the acceleration to McKenna. When the Association filed its Motion for Summary Judgment, it addressed the issue of amount due by submitting an affidavit. However, the Association failed to address McKenna’s allegations that she did not receive proper notice of the acceleration and that the Association did not follow its outlined procedures regarding delinquency. Therefore, McKenna contends that the trial court should not have entered final summary judgment in favor of the Association. We agree.
In Berg v. Bridle Path Homeowners Association, 809 So.2d 32 (Fla. 4th DCA 2002), this court dealt with a similar situation and reversed the entry of final sum *902 mary judgment. In Berg, the homeowners association filed suit against Berg seeking to foreclose assessment liens recorded against the property. Id. at 33. In her answer, Berg asserted that the ■liens were improper because the association had failed to comply with certain requirements in its own declarations and bylaws. The trial court ruled that Berg had failed to prove her “defenses” by the greater weight of the evidence and entered judgment in favor of the association. Id. at 34. However, on appeal this Court reversed. ’This Court held that the trial court erroneously shifted the burden of proof. Once a defendant makes a specific denial of a particular element of the claim, the plaintiff has the burden of proving its entitlement to judgment. Berg’s affirmative defenses placed the burden on the association to prove every material allegation of its complaint which is denied by the party defending against the ■ claim. This Court stated:
We hold that in order to prevail on a suit to foreclose an assessment lien; a homeowners association is obligated-' to show that it has properly levied the assessment in accordance with the community’s declaration of restrictive covenants and by-laws when the defendant challenges the lack of compliance “specifically and with particularity.”
. Id.
In the instant case, the Association argues that McKenna failed to create issues of fact because she did not file any memo-randa or affidavits in opposition to its Motion for Summary Judgment. However, applying the reasoning in Berg, once McKenna filed the Affirmative Defenses asserting the Association’s failure to comply with the requirements in the Declaration and Bylaws, the Association had the burden to prove .that it complied with the requirements in its Declaration and Bylaws.
When the Association issued the Claim of Lien on August 29; 2002, the Association listed both the July 1, 2002 assessment and the August 1, 2002 assessments as being delinquent. The Association used those delinquent payments as the basis for the acceleration of future assessments. However, when the Claim of Lien was filed, the only assessment that was more than thirty days delinquent was the $.78 that was due on July 1, 2002. The August assessments were not yet more than thirty days delinquent. Therefore, the only delinquent assessment that could form the basis for the acceleration of future payments was the $.78.. In addition, .the Association has not provided any evidence to establish that it gave McKenna the written notice required in the provisions prior to filing the Claim of Lien which accelerated the future payments.
McKenna concedes that she did not make the payments required in August; however, the Association’s Complaint sought damages not only for the August payment, but also based on accelerated futuré assessments through the end of the year. It appears from the record that there is at least a question of fact whether the Association complied with its provisions regarding acceleration of future assessments. We, therefore, reverse the entry of Final Summary Judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER and STEVENSON, JJ., concur.