PER CURIAM.
Petitioner seeks certiorari review of a circuit court appellate decision which reversed a county court judgment. Because we agree with the conclusion of the circuit court, we quote the portion of its opinion which addresses the issue on which we base our denial of the petition:.
Appellant, Barrwood Homeowners Association (“Barrwood”), is.a not-for-profit corporation organized under Florida Statute Chapter . 617 and a homeowners’ association as defined by Florida Statute § 617.301(7)[now Florida Statute 720.301], Appellee, Frank J. Gerecitano (“Gerecitano”), owns two units in the Barrwood development.
Pursuant to Barrwood’s governing documents, the unit owners are required to pay monthly assessments, due on the first day of each month, and are charged a late fee for non-payment after 10 days. At the December, 1999 annual membership meeting, a $10.00 per month per unit increase in the monthly assessment was passed, in part, to pay salaries to Barrwood’s officers. Gerecitano refused to pay the increased assessment and, accordingly, underpaid his monthly assessments by $10 per month per unit from January to August 2000. In August, Gerecitano informed Barrwood that he would withhold his entire assessment. He did not pay any portion of the September 2000 assessment.
On September 2000, Barrwood filed suit against Gerecitano. Barrwood’s complaint sought either payment or foreclosure of its lien for the $10.00 per month per unit assessment for January 2000 through August 2000, the unpaid assessment and late fees for September 2000, and attorney’s fees. Gerecitano defended the action by contending the $10.00 increased assessment was not enforceable, since it was for an improper purpose pursuant to Florida Statute 468.432 and, further, that the association has no right to charge a late fee for the September 2000 assessment. After suit was filed, but prior to the final hearing, Gerecitano paid the assessment for September. 2000, less the $10.00 portion to which he had previously objected.
After a non-jury trial, the trial court entered its Final Judgment awarding Barrwood the $20.00 late fee for -the September 2000 assessments. The trial court also entered Final Judgment for the Ap-pellee Gerecitano on the additional $10.00 per month per unit assessment, specifically holding that it was an improper assessment pursuant to Florida Statute 468.432. The Court also denied Barrwood’s claim for. attorney’s fees. For the following reasons we reverse and remand with directions.
In reaching its decision, the trial court specifically relied upon Florida Statute *426 468.482 and Florida Statute 468.431 which provide, in pertinent part:
468.432 Licensure of community association managers; exceptions.—
(1) A person shall not manage or hold herself or himself out to the public as being able to manage a community association in this state unless she or he is licensed by the department in accordance with the provisions of this part.
[[Image here]]
468.431 Definitions.—
(2) “Community association management” means any of the following practices requiring substantial specialized knowledge, judgment, and managerial skill when done for remuneration ...: controlling or disbursing funds of a community association, preparing budgets or other financial documents for a community association, assisting in the noticing or conduct of community association meetings, and coordinating maintenance for the residential development and other day-to-day services involved with the operation of a community association. [Emphasis supplied.]
Part VIII of Florida Chapter 468, Florida Statute 468.431 through 468.438, sets forth a statutory scheme for regulation, licensure, examination, and continuing education for community managers by the Department of Business and Professional Regulation. Pursuant to Florida Statute 468.436, the Department may undertake disciplinary proceedings against those in violation of the statute. Florida Statute 468.437 provides that a violation of any provision of Part VIII is a misdemeanor of the second degree.
Conspicuously absent from the statutory scheme, however, is any grant of private enforcement rights to individual unit owners or evidence of any legislative intent to allow individual association members to refuse to pay a validly passed assessment based upon a violation of the statute. The clear statutory scheme is to provide for discipline and regulation of community association management by the Department of Business and Professional Regulation, not a method for invalidating otherwise proper assessments. It is important to recognize that there was no challenge to the assessment as procedurally improper. Likewise, unlike Berg v. Bridle Path Homeowners Assoc., Inc., 809 So.2d 32 (Fla. 4th DCA 2002), there was no claim in the trial court that the assessment was not in compliance with the governing documents or for a purpose not allowed by those documents. While persons violating these statutes may be subject to disciplinary proceedings or criminal sanctions, there is nothing in the statute to allow a violation of the statute to be a defense to an otherwise lawful assessment. Simply put, it is not a defense to a validly passed assessment that the payments were being made to persons not “licensed.” Such an interpretation is consistent with the statutory recognition of homeowners’ associations and the powers given to them by the Legislature. See, Fla. Stat. Chapter 617,720.
Our agreement with this part of the opinion makes it unnecessary to address petitioner’s remaining arguments, and we therefore deny the petition for certiorari.
FARMER, C.J., WARNER and KLEIN, JJ., concur.