907 So.2d 624 (2005)
SUNLIFE OB/GYN SERVICES OF BROWARD COUNTY, P.A., Harvey C. Roth, M.D., Harvey C. Roth, M.D., P.A., Karen J. Saver, C.N.M., Mark Tomback, M.D., Phyamerica Physician Group of Florida, Inc., and Scott Medical Group, LLC, et al., and Florida Birth-Related Neurological Injury Compensation Association, Appellants,
v.
Randall and Eileen MILLION, on behalf of Simeon Elijah MILLION, and North Broward Hospital District, Appellees.
No. 4D04-810.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Nancy W. Gregoire and Richard T. Woulfe of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellants Sunlife, Harvey C. Roth, M.D., Harvey C. Roth, M.D., P.A., Karen J. Saver, C.N.M., Mark Tomback, M.D., Phyamerica Physician Group of Florida, Inc., and Scott Medical Group, LLC.
*625 Wilbur E. Brewton and Kelly B. Plante of Roetzel & Andress, L.P.A., Tallahassee, for appellant Florida Birth-Related Neurological Injury Compensation Association.
Anne Carrion Toale and Altom M. Maglio of the Maglio Law Firm, Sarasota, for appellees Randall and Eileen Million.
KLEIN, J.
Florida's Birth-Related Neurological Injury Compensation Plan (NICA) provides an exclusive remedy where a child suffers a birth-related neurological injury, assuming the health care provider has given the required notice. The administrative law judge concluded that the notice given the mother in this case was sufficient for the hospital, but insufficient to apply to the physicians and midwife who treated the mother at the hospital and were allegedly negligent. We reverse.
The appellee claimants are the adoptive parents of the child, who was born in May 1999 at North Broward Hospital District, d/b/a Broward General Medical Center. The mother had received her prenatal care at a clinic operated by the hospital as the Broward General Prenatal Care Center. When she began receiving her prenatal care the mother was given a brochure explaining NICA and signed a statement in January 1999 acknowledging receiving that information which provided:
I have been furnished information by Broward General Prenatal Care Center prepared by the Florida Birth-Related Neurological Injury Compensation Association, and have been advised that the Sunlife Physicians and Certified Nurse Midwives are participating in this program, wherein certain limited compensation is available in the event certain neurological injury may occur during labor, delivery or resuscitation. For specifics on the program, I understand I can contact the Florida Birth-Related Neurological Injury Compensation Association (NICA), 1435 Piedmont Drive, East, Suite 101, Tallahassee, Florida 32312, 1-800-398-2129. I further acknowledge that I have received a copy of the brochure prepared by NICA.
The physicians and midwives who worked at the hospital clinic did so under a contract between Sunlife OB/GYN Services of Broward County, P.A., and the hospital. The contract provided that the physicians and midwives were furnished by Sunlife and would be performing services as agents and servants of the hospital, subject to the control of the hospital and all applicable rules and regulations of the hospital. The Sunlife physicians and midwives worked full time at the hospital clinic and were not engaged in private practice or employed anywhere else. The mother was not treated by anyone other than Sunlife's physicians and midwives.
After the child was born with a birth-related neurological injury, the claimants filed this suit alleging negligence by the hospital and the physicians and midwife involved in the birth, contending that NICA did not apply because the notice was insufficient. The administrative law judge concluded that the notice was sufficient to advise the mother that the hospital was a NICA participant, but that it was insufficient in regard to the physicians and midwife. The judge believed that the notice was defective because:
[T]he record is without proof that the contractual relationship that existed between the hospital and Sunlife, or the employment relationship that existed between Sunlife and the physicians and nurse midwives who staffed the clinic, was ever shared with Simeon's birth-mother. Consequently, Doctors Roth and Tomback, as well as C.N.M. Saver, were never identified as Sunlife employees, and the Notice to Obstetric Patient *626 form, which "advised that Sunlife Physicians and Certified Nurse Midwives are participating in this program," did not place Simeon's birth-mother on notice that they were participating in the Plan or, stated otherwise, satisfy their notice obligation.
Section 766.316, Florida Statutes (1999) describes the notice requirement as follows:
Each hospital with a participating physician on its staff and each participating physician, other than residents, assistant residents, and interns deemed to be participating physicians under s. 766.314(4)(c), under the Florida Birth-Related Neurological Injury Compensation Plan shall provide notice to the obstetrical patients as to the limited no-fault alternative for birth-related neurological injuries. Such notice shall be provided on forms furnished by the association and shall include a clear and concise explanation of a patient's rights and limitations under the plan. The hospital or the participating physician may elect to have the patient sign a form acknowledging receipt of the notice form. Signature of the patient acknowledging receipt of the notice form raises a rebuttable presumption that the notice requirements of this section have been met. Notice need not be given to a patient when the patient has an emergency medical condition as defined in s. 395.002(9)(b) or when notice is not practicable.
Defendants acknowledge that the physicians and midwife would not be covered in this case by a notice that informed patients only that the hospital was covered by NICA, but they contend that this notice, which identified the Sunlife physicians and midwives as being covered by NICA, was sufficient to comply with the statute. Claimants have cited no authority which would support the judge's conclusion that the mother needed to be made aware of the contractual relationship between Sunlife and the hospital or that it was Sunlife's physicians and midwives who were treating her. The statute does not require either.
The only logical conclusion a reasonable person could draw from receiving this information at the clinic where treatment was being provided is that it was Sunlife physicians and midwives who were furnishing treatment. No purpose would be served by identifying them as such if her treatment was being rendered by anyone other than Sunlife physicians and midwives. Although it is unnecessary to our conclusion, we note that the judge did not apply the same requirement to the hospital as he applied to the Sunlife personnel. He imposed no requirement that the mother be informed that she was being treated at Broward General Medical Center.
The judge's application of the statutory notice requirement to the undisputed facts was accordingly wrong as a matter of law, and his ruling that the notice was insufficient as to the Sunlife physicians and midwife is reversed.
WARNER and TAYLOR, JJ., concur.