MAY, J.
 

 A condominium owner appeals a judgment striking her pleadings, entering a default, and directing the issuance of a writ of possession in favor of another entity. She argues that the trial court erred in a series of orders that led to the entry of the judgment. She argues, among other issues, that the trial court lacked jurisdiction to enter the order on appeal. We agree and reverse.
 

 This case originated from the condominium owner’s failure to pay assessment fees to the condominium association. In earlier litigation, the association filed a complaint for foreclosure and damages against the owner. The trial court granted the association’s motion for summary judgment against the owner and entered a judgment of foreclosure. We reversed.
 
 McKenna v. Camino Real,
 
 877 So.2d 900 (Fla. 4th DCA 2004).
 

 On remand, the association amended its foreclosure complaint to add Real Estate Depot, Inc. (RED), an entity that acquired a deed from the owner in 2003.
 
 [1]
 
 The trial
 
 *1174
 
 court entered a final judgment of foreclosure against RED, but denied the motion as to the owner. The judgment stated:
 

 The Motion for Final Summary Judgment is Denied as to [the owner] and this shall proceed to trial ... against her. The Certificate of Title ... shall not foreclose any interest of [the owner], if any, nor shall any writ of possession be issued against her without further order of this Court.
 

 At the foreclosure sale, JPL Properties, Inc. (JPL) purchased RED’s interest in the property. The clerk received the funds from the foreclosure sale and disbursed that amount to the association in full satisfaction of the final judgment. The clerk issued a certificate of sale and title to JPL.
 

 The trial court denied JPL’s first motion for writ of possession without prejudice, but issued an order on August 13, 2007, requiring the owner to: (1) file a notice of homeowner’s association assessment amounts due and owing; and, (2) deposit that sum and the amount paid by JPL at the foreclosure sale into the court registry within ten (10) days. The owner appealed that order on September 12, 2007, but never complied with it.
 
 [2]
 
 JPL then filed an amended motion seeking an order to show cause or for default and for writ of possession due to the owner’s non-compliance.
 

 On October 10, 2007, while the appeal of the August order was pending, the trial court entered a judgment striking the owner’s pleadings, entering a default, and directing the issuance of a writ of possession in favor of JPL. The October 10th order (1) took judicial notice that the owner did not file a notice with the court of the sums due to the association; (2) found the owner failed to deposit that amount along with the amount paid by JPL at the foreclosure sale into the court registry; (3) found the association’s lien superior to the rights of the owner and RED; (4) found JPL to be a bona fide purchaser for value; and (5) ordered the clerk to issue a writ of possession in favor of JPL within thirty (30) days from the date of the order. It is from this order that the owner now appeals.
 

 The owner argues that the trial court erred in entering a final judgment while her appeal from the August order was pending. We agree.
 

 Rule 9.130(f) of the Florida Rules of Appellate Procedure provides:
 

 In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing;
 
 provided that the lower tribunal may not render a final order disposing of the cause pending such review.
 

 (Emphasis added). In turn, we lack jurisdiction to review the merits of an order entered by a tribunal lacking jurisdiction.
 
 See Bemben v. Chock,
 
 938 So.2d 565, 566 (Fla. 2d DCA2006).
 
 [3]
 

 The procedural quagmire in which this appeal has landed requires some untangling. The August order was non-final, as it simply required the owner to deposit monies into the court’s registry, but did not resolve the issues between the owner and JPL. A final order is one in which the trial court’s labor has come to an end.
 
 McGurn v. Scott,
 
 596 So.2d 1042, 1043 (Fla.1992). Thus, during the pendency of the appeal from the August order, rule
 
 *1175
 
 9.130(f) prohibited the trial court from rendering “a final order disposing of the cause pending such review.”
 

 The October order was a final order because it entered a default judgment against the owner and ordered the issuance of a writ of possession. It finally resolved the issues between the owner and JPL. That is true notwithstanding the association still had a claim pending against the owner in the trial court.
 
 Mendez v. W. Flagler Family Ass'n,
 
 303 So.2d 1, 5 (Fla.1974) (“[W]hen it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pen-dency of other claims between the parties.”). By entering a final order in favor of JPL, the trial court ran afoul of rule 9.130(f).
 

 We therefore reverse the order of October 10, 2007, and remand the case to the trial court.
 

 Reversed and remanded.
 

 STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . The owner filed a separate action against RED, asserting that RED had fraudulently obtained the recorded deed and was not the true owner of the property, but later voluntarily dismissed the action. Thus, at this time, RED was the record owner of the property.
 

 [2]
 

 . The owner filed a motion for voluntarily dismissal of that appeal on January 28, 2008, which we granted on January 31, 2008.
 

 [3]
 

 . This result is not changed by the owner's subsequent dismissal of her appeal.
 
 See Katz v. NME Hosps., Inc.,
 
 791 So.2d 1127 (Fla. 4th DCA 2000) (agreeing with
 
 Carter v. Dorman,
 
 385 So.2d 740 (Fla. 3d DCA 1980)).