CASANUEVA, Chief Judge.
The Petitioners, Lori Gibson, Leslie Betts, Marc Betts, and Lydia Sierra, challenge the trial court’s postjudgment discovery order which permits the Respondent, Progress Bank of Florida, access to the Petitioners’ financial records and information. We grant the petition for writ of certiorari and quash the trial court’s order.

Background

The Petitioners are not parties to the original action which set the course for this proceeding. Initially, Progress Bank sued Axiom Worldwide, L.L.C.; Nicholas J. Ex-arhos; and James J. Gibson, Jr. (collectively, Defendants). Axiom had borrowed $4 million from Progress Bank, and Mr. Exarhos and Mr. Gibson had each unconditionally guaranteed the payment of the loan. On January 15, 2010, Progress Bank filed a motion for summary judgment. Progress Bank then filed a motion for prejudgment writs of attachment and garnishment. On February 10, 2010, the trial court granted Progress Bank’s motions for prejudgment writs of attachment and garnishment. The Defendants appealed that *1060 order by notice filed on March 10, 2010. That appeal was assigned case number 2D10-1316.[1]
On March 24, 2010, while the nonfinal appeal in 2D10-1316 was still pending, the trial court entered summary judgment against Axiom and the guarantors. To aid in execution of that summary judgment, Progress Bank sought postjudgment discovery depositions from the nonparty Petitioners, who are members of Mr. Gibson’s family. Progress Bank also requested numerous documents from one petitioner, Lori Gibson — Mr. Gibson’s wife. Through various motions, the Petitioners attempted to quash the subpoenas and sought a protective order. They argued the summary judgment was void because at the time it was entered, the trial court was without jurisdiction to enter a final order. The trial court denied the Petitioners’ requests for relief, eventually rendering its order “denying non-parties[’] emergency motion for protective order.” It is from this order that the Petitioners seek relief in this court.
“A petition for certiorari is appropriate to review a discovery order when the ‘order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.’ ” Rappaport v. Mercantile Bank, 17 So.3d 902, 905 (Fla. 2d DCA 2009) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)). Here, Petitioners allege that the trial court departed from the essential requirements of law by permitting Progress Bank to conduct discovery in aid of execution of a void judgment. The Petitioners assert that the trial court’s error would cause them irreparable harm because, without relief, they would be forced to disclose personal financial information in contravention of their fundamental right to privacy.
We must first determine the validity of the summary judgment to determine whether the Petitioners’ argument has merit. Florida Rule of Appellate Procedure 9.130(f) provides clear limits on a trial court’s continuing jurisdiction while an appeal of a nonfinal order is pending:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing;' provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(Emphasis supplied.)
Neither party disputes that the order granting summary judgment, entered on March 23, 2010, was a final order entirely disposing of the proceedings between Progress Bank and the loan debtors. The order established the amount owed — including principal, interest, costs, and attorneys’ fees- — totaling in excess of $4.5 million. It further provided that the amount due would accrue interest and set the date for the public sale of assets pledged to secure the loan. No further judicial labor was required, so we conclude that the summary judgment was a final order disposing of the initial loan default action.
Because an appeal of a nonfinal order was pending at the time, the trial court violated the express language of rule 9.130(f) by entering final judgment without having jurisdiction to do so. The summary judgment is thus null and void. See Bemben v. Chock, 938 So.2d 565, 566 (Fla. 2d DCA 2006) (“The final summary judgment is a nullity because the trial court entered it during the pendency of the Sell *1061 ers’ interlocutory appeal of an order denying their motion to dissolve the Buyers’ lis pendens. See Fla. R.P. 9.130(f)”); McKenna v. Camino Real Vill. Ass’n, 8 So.3d 1172, 1174 (Fla. 4th DCA 2009) (holding that the final judgment was entered without jurisdiction while a nonfinal appeal was still pending). A void judgment is “[a] judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally.... It is incapable of being confirmed, ratified, or enforced in any manner or to any degree.” Black’s Law Dictionary, 848 (7th ed. 1999). Consequently, there can be no discovery in aid of execution of a void judgment. See Fla. R. Civ. P. 1.560(a) (providing for discovery “[i]n aid of a judgment, decree, or execution”).
Similarly, if the summary judgment is void, the original action between Progress Bank and the Defendants is still “pending” for the purposes of this petition. Thus, the general discovery rules would apply. See Fla. R. Civ. P. 1.280(b)(1). Progress Bank would not be able to conduct discovery from these nonparty Petitioners under this rule because any information from these four people is irrelevant to “the pending action” involving the default in payment by Axiom and its guarantors against Progress Bank. See id. (“Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action”).
A protective order should be granted when the pleadings, at the time a trial court rules upon a motion for protective order, indicate that the financial records of a nonparty are not related to any pending claim or defense, and do not indicate that the information is shown to be reasonably calculated to lead to the discovery of admissible evidence.
Rappaport, 17 So.3d at 906 (quoting Walter v. Page, 638 So.2d 1030, 1031 (Fla. 2d DCA 1994)). Consequently, the trial court departed from the essential requirements of law by denying the Petitioners’ requests for a protective order. With regard to irreparable harm, “personal finances are among those private matters kept secret by most people.” Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998). Again, because the final judgment is void, the Petitioners would suffer irreparable harm if forced to disclose their personal financial information.
Because the Petitioners have satisfied all the requirements for a writ of certiorari, see Rappaport, 17 So.3d at 905, we grant the petition and quash the order on review. We also recognize that the notice of deposition to Lori Gibson sought to require her to produce documents regarding aspects of her finances for a time period beginning on January 1, 2007. The loan upon which the suit was premised issued on September 22, 2008. Should discovery issues involving Ms. Gibson’s personal finances arise again, the trial court should reexamine the scope of Progress Bank’s request.
Petition granted; order quashed.
WALLACE and LaROSE, JJ„ Concur.

. That appeal was dismissed by order of this court on September 30, 2010.