# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0543
Lower Tribunal No. 18-2461-CA-01
_____


**Lorena Mariani de Landa,**
Appellant,

vs.

**Carlos Eduardo Chalbaud Briceno,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Quintero Broche P.A., and Jessica Fonseca-Nader, for appellant.

Cuevas, Garcia & Torres, P.A., and Ravindra Patel and Andrew Cuevas, for appellee.


Before SCALES, LINDSEY, and BOKOR, JJ.

SCALES, J.

Appellant Lorena Mariani de Landa, plaintiff below, seeks appellate review of a series of orders entered after the trial court, on August 11, 2023, dismissed Appellant's lawsuit "without prejudice" for failure to timely effectuate service on appellee Carlos Eduardo Chalbaud Briceno, defendant below. Appellant also seeks to appeal one interlocutory order entered before the dismissal. Because the trial court's jurisdiction ended with its dismissal order, it was without jurisdiction to enter all subsequent orders; and because the dismissal order was not timely appealed, we lack jurisdiction to review the challenged interlocutory order. We, therefore, are compelled to dismiss the appeal.

## I.    Relevant Background

In January 2018, Appellant initiated this action in the circuit court alleging Appellee owed Appellant sums due on a promissory note. Appellant encountered significant difficulty serving process on Appellee, a resident of Venezuela with a business in Florida. In 2019, Appellant appeared to have obtained constructive service on Appellee in Florida. Subsequently, Appellant obtained a default judgment against Appellee; however, Appellee's counsel made a limited appearance to file a motion to quash service and vacate the default judgment. After an evidentiary hearing, the trial court on

2

June 10, 2020, quashed service and vacated the default judgment ("the June 10, 2020 order").

Appellant then hired a Venezuelan attorney to assist Appellant in obtaining service on Appellee. After the Venezuelan attorney reported to Appellant that service was obtained on April 16, 2021, in Venezuela, Appellant filed a motion in the circuit court seeking an order finding that service had been perfected in Venezuela ("Appellant's service motion").

Appellee's counsel filed another limited appearance in the circuit court to oppose Appellant's service motion. The trial court conducted an evidentiary hearing on Appellant's service motion over four days[1] and found that Appellant had failed to obtain proper service on Appellant in Venezuela.

On August 11, 2023, the trial court entered a written order that denied Appellant's service motion (the "dismissal order"). The dismissal order also contained the following adjudication of Appellant's case: "This case is Dismissed without prejudice."

Appellant did not seek rehearing of the dismissal order, nor did she appeal it. Rather, without leave of the court, Appellant filed an amended complaint against Appellee, and then filed a motion for reissuance of the

---

[1] The hearing commenced on April 21, 2023, continued on June 2nd and July 12th, and concluded on August 9, 2023.

summons ("Appellant's summons motion"). Appellee, again through counsel making a limited appearance, filed a motion to strike Appellant's summons motion and to declare Appellants' amended complaint a nullity.

The trial court held a November 6, 2023 hearing, and on November 8, 2023, and again on November 9, 2023, entered orders denying Appellant's summons motion along with Appellant's *ore tenus* motion for an extension of time to effectuate service on Appellee. The purpose of the November 9th order was to add language reiterating that the case was dismissed. Appellant filed a motion for rehearing directed toward both the November 8th and 9th orders, which the trial court denied via written order on March 21, 2024.

Appellant seeks to appeal the June 10, 2020 order, the November 8 and 9, 2023 orders, and the March 21, 2024 order denying rehearing.

## II. Analysis

Appellee argues that we lack jurisdiction to adjudicate Appellant's appeal because the trial court was without jurisdiction to enter orders in this case after the dismissal order.[2] Appellant counters that the dismissal order was nonfinal because it contained the words "without prejudice," and therefore, this Court has jurisdiction to review all the challenged orders.

---

[2] Appellee does not address the June 10, 2020 order; see *infra*.

While the dismissal order states that the case was dismissed "without prejudice," this language does not subvert the finality of this order. The language simply means that the dismissal was not on the merits and that Appellant could therefore file a *new lawsuit*. Carnival Corp. v. Sargeant, 690 So. 2d 660, 661-62 (Fla. 3d DCA 1997) ("In order to avoid the consequences of the dismissal, the Respondents were obligated to timely seek rehearing, appeal or file a new lawsuit. They did none of these. As a result, the trial court did not have jurisdiction[.]"); see Anderson v. Estate of Quintero, 374 So. 3d 67, 69-70 (Fla. 3d DCA 2022); see also Philip J. Padovano, Florida Appellate Practice, § 23:2 (2024 ed.) ("An order dismissing an entire case without prejudice is likely to be treated as final if it concludes the litigation in that case and merely leaves open the right to assert the claim in another case."). Indeed, an order dismissing a case for failure to timely effectuate service is a final order, even if it is without prejudice, because the dismissal order ends the judicial labor in that action. See Carlton v. Wal-Mart Stores, Inc., 621 So. 2d 451, 452 (Fla. 1st DCA 1993). Once the period elapses for the filing of a rehearing motion, a trial court (subject to exceptions not relevant in this case) loses jurisdiction to continue to adjudicate matters after a final order has been entered. See Aurora Bank v. Cimbler, 166 So. 3d 921, 927 (Fla. 3d DCA 2015).

Thus, the trial court was without jurisdiction to enter either the November 8th or November 9th order, and similarly lacked jurisdiction to enter the March 21, 2024 order denying rehearing of the November 8th and November 9th orders. We dismiss the appeal of these orders because we lack appellate jurisdiction to undertake a plenary review of an order entered by the trial court without jurisdiction. See McKenna v. Camino Real Vill. Ass'n, 8 So. 3d 1172, 1174 (Fla. 4th DCA 2009).

Because the dismissal order was a final order, Appellant had thirty days from August 11, 2023 to appeal it and any interlocutory orders subsumed into it. See Fla. R. App. P. 9.110(b), (h). Because Appellant did not timely appeal the dismissal order, we lack jurisdiction to review the June 10, 2020 order subsumed into the dismissal order and dismiss the appeal of this order as well.

Appeal dismissed.